CITY OF DAYTON, APPELLEE, *v.* MARTIN, APPELLANT.

(No. CA 10242—Decided
October 21, 1987.)

*Vincent Popp,* city prosecuting attorney, for appellee.

*Kurt R. Portmann,* county public defender, and *Paul M. Courtney,* for appellant Michael J. Martin.

FAIN, J. Defendant-appellant appeals from the denial of his motion for new trial. The motion, as supplemented, was based on a claim of newly discovered evidence that could not, with reasonable diligence, have been discovered and produced at the trial. The record affirmatively suggests that the trial court committed an error of law in its consideration of Martin's motion for new trial. Accordingly, the trial court's denial of the motion will be reversed and the cause will be remanded to the trial court for additional consideration and findings.

I

Martin was tried, without a jury, on charges of criminal damaging and assault, in violation of the Dayton Revised Code of General Ordinances, in the Dayton Municipal Court. Martin was found guilty, and for the assault offense was sentenced to six months' incarceration, a fine of $1,000 and court costs. No sentence was imposed for the criminal damaging offense.

Martin moved for new trial claiming, among other things, that he had discovered new evidence to impeach the credibility of the complaining witness.

The complaining witness had testified that, on the evening in question,

"* * * my door was busted in and he [Martin] started beating on me." She further testified as follows:

"It was at night. And I was in there getting out of the tub and I had on my night-clothes and I was cooking and I went to watch T.V. and the next thing I know, my door was busted in and he [Martin] said I was sleeping with other guys and he started beating on me and everything."

In his initial motion for new trial, Martin says that he has ascertained, since the trial, that the manager of the apartment building in which the complaining witness resides will testify that there was no damage to the door to the complaining witness's apartment following the night of the alleged offense. Martin argues that he could not have anticipated that the complaining witness would claim that Martin "busted" her door because, if a forced entry had been involved, he would have assumed that the prosecution would have charged him with burglary, a more serious offense.

In a supplemental motion for new trial, Martin stated that he had also found evidence to impeach the testimony of Damian Elmore, a rebuttal witness for the prosecution. The significance of Elmore's testimony is that he related a conversation that he claimed to have had with a defense witness, Steven Brown, in which Brown offered his testimony for sale. Elmore identified himself as a security guard at Wright Patterson Air Force Base. Martin filed affidavits in support of his supplementary motion for new trial from persons at Wright Patterson Air Force Base averring that no one by the name of Damian Elmore was employed at Wright Patterson Air Force Base as a security guard. Martin also claimed, in his memorandum in support of his supplementary motion for new trial, that he, Martin, was in a position to testify concerning an altercation that he had had with Elmore

subsequent to the trial in which Elmore testified against him.

Martin argues that because Elmore, a rebuttal witness, was not disclosed until immediately before trial, Martin could not have discovered the evidence impeaching his credibility before trial.

The trial court overruled Martin's initial and supplementary motions for new trial, and Martin appeals.

## II

Martin's sole assignment of error is as follows:

"The trial court erred to appellant's prejudice in overruling appellant's motion for a new trial based on newly discovered evidence."

In its decision overruling Martin's motion for new trial, the trial court discussed Elmore, the prosecution's "surprise" rebuttal witness, and held that the defendant was not surprised. The trial court's decision and entry, in its entirety, is as follows:

"Upon consideration of the Defendant's Motion for a New Trial, the Court finds the Motion NOT WELL TAKEN and DENIES Defendant's Motion.

"The Defendant alleges that a witness changed his story and that a 'surprise' prosecution witness then came forward. The Prosecution argues that Defendant was informed of the existence of the witness and Defendant was given an opportunity to question the witness prior to trial. During trial, the Defendant made no Motion for a Continuance to prepare for Cross-Examination of the witness. The Court believed that the Defendant was prepared to go forward.

"Based on the circumstances of this case, the Court concludes that the Defendant was not surprised by the witness called. The Defendant had adequate opportunity to talk with the witness prior to trial and at least sufficient opportunity to request additional time for preparation if time was needed. The Motion for a New Trial is Denied. *State* v. *Shepard,* 13 [Ohio App.] 3d 117 (1983).

"WHEREFORE, the Court finds the Defendant's Motion for a New Trial NOT WELL TAKEN. The Motion is therefore DENIED.

"IT IS SO ORDERED."

We agree with Martin that the trial court's finding that he was advised of the existence of Elmore (on the day of the trial), and given the opportunity to question Elmore before the trial, is not dispositive.

The trial court noted in announcing its decision on the merits that the credibility of the witnesses offered by each side was a factor in the trial court's finding of guilt. Elmore essentially impeached Brown, a defense witness, by testifying that Brown had offered his testimony for sale to the highest bidder. Although defendant's counsel may have had the opportunity to question Elmore on the day of trial, this would not necessarily have enabled him to develop testimony to impeach Elmore's credibility, which was the subject of his "newly discovered" evidence. Also, the trial court's ruling does not address Martin's claim that he has newly discovered evidence to impeach the credibility of the complaining witness.

The prosecutor counters that since all of the newly discovered evidence would only rebut or impeach other evidence in the case, it cannot be the basis for a motion for new trial, citing *State* v. *Lewis* (1970), 22 Ohio St. 2d 125, 138, 51 O.O. 2d 209, 216, 258 N.E. 2d 445, 453; and *State* v. *Petro* (1947), 148 Ohio St. 505, 36 O.O. 165, 76 N.E. 2d 370.

In *Petro,* it was held that before a new trial can be granted upon the basis of newly discovered evidence, the defendant must show that "the new evidence (1) discloses a strong probability that it will change the result if a

new trial is granted, (2) has been discovered since the trial, (3) is such as could not in the exercise of due diligence have been discovered before the trial, (4) is material to the issues, (5) is not merely cumulative to former evidence, and (6) does not merely impeach or contradict the former evidence." *Id.* at the syllabus.

Although *Petro* was decided before Crim. R. 33, its holding has been followed since the adoption of the Criminal Rules. *Toledo* v. *Easterling* (1985), 26 Ohio App. 3d 59, 26 OBR 233, 498 N.E. 2d 198; *State* v. *Shepard* (1983), 13 Ohio App. 3d 117, 13 OBR 135, 468 N.E. 2d 380 (decided by this court); *State* v. *Barber* (1982), 3 Ohio App. 3d 445, 3 OBR 524, 445 N.E. 2d 1146; *State* v. *Kiraly* (1977), 56 Ohio App. 2d 37, 10 O.O. 3d 53, 381 N.E. 2d 649.

While *Petro* stands for the proposition that newly discovered evidence that *merely* impeaches or contradicts other evidence is not enough for a new trial, we do not read *Petro* as establishing a *per se* rule excluding newly discovered evidence as a basis for a new trial simply because that evidence is in the nature of impeaching or contradicting evidence. The test is whether the newly discovered evidence would create a strong probability of a different result at trial, or whether it is merely impeaching or contradicting evidence that is insufficient to create a strong probability of a different result. See *State* v. *Kiraly, supra,* at 54, 10 O.O. 3d at 63, 381 N.E. 2d at 660; *State* v. *Barber, supra,* at 448, 3 OBR at 527, 445 N.E. 2d at 1150; and *Toledo* v. *Easterling, supra,* at 62, 26 OBR at 235-236, 498 N.E. 2d at 201-202.

In singling out impeaching or contradicting evidence, *Petro* recognized that the nature of such evidence requires that a trial court exercise circumspection in determining whether newly discovered evidence of that character would create a strong probability of a different result, because such evidence quite often will not be likely to change the outcome. In a case where the newly discovered evidence, though it is impeaching or contradicting in character, would be likely to change the outcome of the trial, we see no good reason not to grant a new trial.[1]

Where the case has been tried to a jury, the task for the trial judge is to determine whether it is likely that the jury would have reached a different verdict if it had considered the newly discovered evidence. The task of the reviewing court is then to determine whether the trial judge abused his discretion in making his determination. *State* v. *Gibbs* (Oct. 31, 1984), Miami App. No. 84-CA-12, unreported.

In this case, Martin was tried without a jury. Consequently, the trial judge, as the factfinder, is in the best possible position to determine whether his conclusion as to Martin's guilt or innocence would be likely to be affected by the newly discovered evidence, and the reviewing court could properly give great deference to that determination.

Since it appears from the record that the trial court applied an incorrect standard in determining whether to grant Martin's motion for new trial, we will reverse the denial of that motion and remand this cause for additional findings of fact and conclusions

---

[1] For example, A is convicted of the murder of B, based solely upon the eyewitness testimony of C. Later, it is discovered that at the time of the murder C was shown in a lineup in a city distant from the place of the murder, and there is a videotape of the lineup in which C was shown. Although the newly discovered evidence in this hypothetical example is impeaching in character, it is surely sufficient to create a strong probability of a different trial outcome, and we see no reason why A should not be given a new trial.

of law, and for any other proceedings which the trial court may deem to be necessary or appropriate. Specifically, the trial court should determine whether Martin's newly discovered evidence could not with reasonable diligence have been discovered and produced by Martin at trial and, if so, whether there is a strong probability that that evidence would change the result if a new trial were granted, or whether that evidence is merely impeaching or contradicting in nature and, as such, insufficient to create a strong probability of a different result.

## III

Martin's sole assignment of error is sustained. The denial of his motion for new trial will be reversed, and this cause will be remanded for further proceedings consistent with this opinion.

*Judgment reversed and cause remanded.*

BROGAN and WOLFF, JJ., concur.