OPINION
Defendant-appellant, Lise C. Wayt, appeals a decision of the Butler County Court of Common Pleas denying appellant's motion for a new trial.
In the early morning hours of May 14, 1991, police responded to appellant's residence in Hamilton, Ohio. At appellant's request, the officers entered the home and found it in a state of disarray with garbage, various articles of clothing, dirty diapers, and fecal matter strewn about the house. Appellant's six and onehalf-month-old daughter, Marina Wayt, was found dead in a bassinet filled with a "warm and wet" pile of clothing. The child's sleeper was covered with fecal and urine stains and a white froth was coming from her mouth.
While at the scene, Robert Fant, a coroner's investigator, applied slight pressure to the child's chest, causing what appeared to be "dirty water" to come from the child's nose and mouth. At the morgue, more of the same fluid was emitted from the child's nose and mouth when the coroner applied slight pressure to the child's chest and abdomen. The child had also sustained a severe contusion on the back of her head which could have been caused by the exertion of pressure.
The child's diaper was full of fecal material which the coroner described as too abundant an amount to have been released after death. The child also suffered from a severe case of diaper rash and had numerous open sores on her buttocks and vaginal areas. An autopsy revealed that the child had wet, heavy lungs which the coroner described as unusual for a child of her size and age.
In July 1991, appellant was indicted on one count of murder and one count of child endangering. Appellant entered not guilty pleas to both charges and the case was tried to a jury. The jury convicted appellant of both murder and child endangering. On appeal, we reversed appellant's convictions and remanded the case for a new trial. See State v. Wayt (1992), 83 Ohio App.3d 848.
In March 1993, the case was retried in the trial court. During trial, Dr. Richard Burkhardt, the Butler County Coroner, testified that the child's death was caused by drowning. At the close of the state's case, appellant moved for a judgment of acquittal pursuant to Crim.R. 29(A). The trial court overruled appellant's motion for acquittal and submitted the case to the jury. Appellant was again convicted of both murder and child endangering. On appeal, we affirmed appellant's convictions. See State v. Wayt (Mar. 24, 1994), Butler App. No. CA93-05-097, unreported.
On February 3, 1998, the trial court granted appellant leave to file a motion for a new trial. On February 10, 1998, appellant filed a motion for a new trial pursuant to Crim.R. 33(A)(6).[1]
Appellant claimed that she should be granted a new trial because of newly discovered evidence consisting of the opinion of Edward A. Patrick, M.D., Ph.D., who concluded after reviewing the autopsy reports, the scene analysis, and the testimony from both trials "that the most likely cause of death of Marina Wayt was hyperthermia with hyperhydrosis [sic]."[2]
On March 10, 1998, the trial court overruled appellant's motion for a new trial, finding that "this new evidence `[did] not disclose a strong probability that the outcome of a second trial would be any different.'" The trial court also found that the "doctor's opinion [was] based entirely on facts known and presented at trial and [was] simply cumulative of or alternative to the evidence presented by the defense * * *." Appellant appeals this decision and presents one assignment of error:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF PLAINTIFF-APPELLANT WHEN IT OVERRULED HER MOTION FOR A NEW TRIAL.
A ruling on a motion for a new trial on the ground of newly discovered evidence is within the discretion of the trial court and, in the absence of a clear showing of abuse of discretion, the ruling will not be disturbed on appeal. State v. Williams (1975), 43 Ohio St.2d 88, paragraph two of the syllabus.
Before a new trial can be granted on the basis of newly discovered evidence, the defendant must show that the new evidence (1) discloses a strong probability that it will change the result if a new trial is granted, (2) has been discovered since the trial, (3) is such as could not in the exercise of due diligence have been discovered before the trial, (4) is material to the issues, (5) is not merely cumulative to former evidence, and (6) does not merely impeach or contradict the former evidence. State v. Petro (1947), 148 Ohio St. 505, syllabus.
"Where the case has been tried to a jury, the task for the trial judge is to determine whether it is likely that the jury would have reached a different verdict if it had considered the newly discovered evidence." Dayton v. Martin (1987), 43 Ohio App.3d 87,90. "The task of the reviewing court is then to determine whether the trial judge abused its discretion in making his determination." Id.
Upon reviewing appellant's motion for a new trial and Dr. Patrick's affidavit offered in support of the motion, we find that the trial court did not abuse its discretion in overruling appellant's motion.
We note at the outset that while Dr. Patrick's affidavit itself concluded that the most likely cause of death of Marina Wayt was hyperthermia with hyperhidrosis, incorporated in his affidavit was a fifty-one typewritten page report analyzing Marina Wayt's death based mainly upon the evidence presented to the jury at both trials and a post-trial interview with appellant. "The sole purpose of an affidavit offered to support a motion for a new trial on the ground of newly discovered evidence is to inform the trial court of the substance of the evidence claimed to be newly discovered which will be presented at a new trial if one is granted." State v. Sheppard (1955), 100 Ohio App. 399,408. "It is never intended as a method to reconsider the evidence introduced at the trial of the case for the purpose of impugning the soundness of the verdict brought by the jury." Id. Yet, a major part of Dr. Patrick's report as incorporated in his affidavit deals with evidence presented at both trials and ventures his opinions and conclusions with respect to it, together with a criticism of the expert opinions presented at both trials and the technical evidence presented by the prosecution. Thus, the trial court could have disregarded the affidavit in its entirety. Id.
As correctly noted by the trial court, Dr. Patrick's opinion was based, with the exception of his post-trial interview of appellant and his post-trial telephone conversations with Dr. Norman Hurwitz, a pathologist who performed the autopsy and who testified at the first trial, and Dr. Robert Kirschner, a forensic pathologist who testified at both trials, entirely on facts known and presented to the jury at both trials. The trial court concluded that such opinion did not warrant granting a new trial as it was simply cumulative to the evidence presented at trial by the defense and did not disclose a strong probability that the outcome of a new trial would be any different.
We agree with the trial court for the following reasons: First, Dr. Patrick's opinion does not present anything new in the way of facts but simply presents a new expert opinion based on Dr. Patrick's review of the evidence before the jury as gleaned from the trial transcripts.[3] Second, as already noted, the standard of review in this case is discretionary and, as a result, requires that we give great deference to the trial court's decision unless it is shown to have abused its discretion. "One reason the determination of the trial court is accorded such great deference is that it heard all of the evidence admitted at trial and observed the witnesses. Therefore, the trial judge is able to place the arguments presented by a defendant in a motion for a new trial within the context of what occurred at trial." State v. Nicholson (May 1, 1997), Cuyahoga App. No. 70916, unreported, at 11. The trial judge in this case was the same judge who presided over appellant's two previous trials. As a result, not only is he familiar with the various theories presented on both sides at both trials as to Marina Wayt's cause of death, he also has intimate knowledge of the case, including the surrounding circumstances and atmosphere of both trials. Rohde v. Farmer (1970), 23 Ohio St.2d 82, 94.
We therefore find that the trial court's denial of appellant's motion for a new trial pursuant to Crim.R. 33(A)(6) was not an abuse of discretion. Appellant's sole assignment of error is overruled.
Judgment affirmed.
YOUNG, P.J., and WALSH, J., concur.
[1] Crim.R. 33(A)(6) states that "[a] new trial may be granted on motion of the defendant * * * [w]hen new evidence material to the defense is discovered, which the defendant could not with reasonable diligence have discovered and produced at the trial."
[2] In his report attached to appellant's motion for a new trial, Dr. Patrick describes hyperthermia with hyperhidrosis as "a condition where infants are found dead with evidence of profuse sweating without explanation for such hyperhydrosis [sic]; and there also is evidence that the baby's temperature was raised at the time of death."
[3] We point out that we have not been provided with the transcript of either trial. The absence of a transcript where a case is being reviewed by an appellate court is an issue which was addressed in Knapp v. Edwards Laboratories (1980), 61 Ohio St.2d 197,199:
 The duty to provide a transcript for appellate review falls upon the appellant. This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record. * * * When portions of the transcript necessary for resolution of the assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm.