This cause came on to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 25, the records from the Cuyahoga County Court of Common Pleas, and the briefs of the parties.
Defendant-appellant Timothy G. Simms Sr. ("appellant") appeals from the judgment of the Cuyahoga County Court of Common Pleas which denied his motion for a new trial based upon his claim of newly discovered evidence. For the reasons stated below, we find no error and affirm.
The record reveals the following facts pertinent to this appeal. On May 15, 1995, after trial by jury, appellant was convicted of both the aggravated murder of Milton Witlow in violation of R.C. 2903.01 with a firearm specification and of having a weapon while under a disability in violation of R.C.2923.13. On direct appeal, this court in State v. Simms (Sept. 19, 1996), Cuyahoga App. No. 69314, unreported, found insufficient evidence existed to prove that appellant acted with prior calculation and design. This court modified appellant's conviction from aggravated murder to murder, a violation of R.C. 2903.02 and concluded that a conviction of murder was not against the manifest weight of the evidence. On February 24, 1997, the Supreme Court dismissed appellant's request for leave to appeal and dismissed the appeal. By entry on May 16, 1997, in accordance with this court's modification of judgment, appellant's sentence on count one of his conviction was modified to a term of fifteen years to life. The remainder of his prior imposed sentence remained in effect.
On July 15, 1997, appellant filed a public records request pursuant to P.C. 149.43 with the Cleveland Police Department by which he sought to obtain any evidence pertinent to his case. In response to this request, on October 6, 1997, appellant received the departmental copy of the offense/incident report of the homicide of Milton Witlow taken at the scene of the murder on January 27, 1995.
On November 12, 1997, appellant filed a "motion for a new trial based upon newly discovered evidence and motion for leave to file after the one hundred twenty day time requirement because defendant was unavoidably prevented from discovery of such evidence." On June 4, 1998, the motion for new trial was denied by the trial court. This appeal follows by which appellant advances a single assignment of error challenging the trial court's denial of the motion.
 JUDGE SUTULA ABUSED HER DISCRETION AND ERRED IN REFUSING TO CONDUCT AN "IN CAMERA INSPECTION" OF THE "ORIGINAL NARRATIVE" STATEMENT WHICH OFFICER TUSSING USED TO REFRESH HIS MEMORY BEFORE TESTIFYING. JUDGE SUTULA AGAIN ABUSED HER DISCRETION BY ISSUING A SUMMARY DENIAL OF DEFENDANT'S MOTION FOR A NEW TRIAL BASED UPON NEWLY DISCOVERED EVIDENCE EVEN THOUGH HE HAS SHOWN THAT THE "EXCITED UTTERANCES" OF THE STATE OF OHIO'S THREE PRIMARY WITNESSES WERE RECORDED SUBSTANTIALLY VERBATIM AND CONSTITUTE A STATEMENT WITHIN STATE v. JOHNSON (1978), 403 N.E.2d 1003, AND WERE DISCOVERABLE UNDER BRADY v. MARYLAND
(1963), 83 S.CT. 1194 AND ITS PROGENY.
In this appeal, appellant challenges the trial court's denial of his motion for a new trial brought two and one-half years after the verdict in his case on the basis of "newly discovered" evidence which he received on October 6, 1997 as a result of his July 15, 1997, Public Records Request. The "newly discovered" document is the police report titled the "offense/incident report" which was taken at the scene of the murder of Milton Witlow on January 27, 1995. In this report, the reporting officer summarized the events surrounding Witlow's homicide as related by witnesses Adrienne Wallace, Brenda Wallace and Donnie Wallace.
A ruling on a motion for a new trial is within the trial court's discretion and will not be disturbed on appeal absent a showing of abuse of discretion. State v. Schiebel (1990), 55 Ohio St.3d 71, paragraph one of the syllabus; State v. Williams (1975),43 Ohio St.2d 88, paragraph two of the syllabus. An abuse of discretion "implies that the court's attitude [was] unreasonable, arbitrary, or unconscionable." State v. Adams (1980), 62 Ohio St.2d 151,157.
Crim.R. 33 (A) provides that a new trial may be granted to a defendant on several different grounds if his or her "substantial rights" are "materially" affected. Crim.R. 33 (A) (6) provides:
 When new evidence material to the defense is discovered, which the defendant could not with reasonable diligence have discovered and produced at the trial. When a motion for new trial is made upon the ground of newly discovered evidence, the defendant must produce at the hearing on the motion1 in support thereof, the affidavits of the witnesses by whom such evidence is expected to be given, and if time is required by the defendant to procure such affidavits, the court may postpone the hearing of the motion for such length of time as is reasonable under all the circumstances of the case. The prosecuting attorney may produce affidavits or other evidence to impeach the affidavits of such witnesses that a new trial may be granted on the motion of a defendant when new evidence material to the defense is discovered which the defendant could not with reasonable diligence have discovered and produced at the trial.
In State v. Petro (1947), 148 Ohio St. 505, syllabus, the Supreme Court set forth the criteria that must be met for a trial court to grant a motion for a new trial in a criminal case based upon newly discovered evidence. The defendant must show that the new evidence (1) is likely to change the result if a new trial is granted; (2) was discovered after the trial; (3) could not in the exercise of due diligence have been discovered before the trial; (4) is material to the issues; (5) is not merely cumulative to the former evidence; and (6) does not merely impeach or contradict the former evidence. Id. Further, Crim.R. 33 (A) (6) requires that the newly discovered evidence must be "material to the defense * * *."
In determining whether newly discovered evidence is material, the trial court must determine whether such evidence is of such value that a different result at a new trial is probable. Id. syllabus; see, also, City of Dayton v. Martin (1987), 43 Ohio App.3d 87,90 (the trial judge is "to determine whether it is likely that the jury would have reached a different verdict if it had considered the newly discovered evidence")
Crim.R. 33 (B) governs the form and time frame for motions for new trial and provides in pertinent part:
 Motions for new trial on account of newly discovered evidence shall be filed within one hundred twenty days after the day upon which the verdict was rendered, or the decision of the court where trial by jury has been waived. If it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely, such motion shall be filed within seven days from an order of the court finding that he was unavoidably prevented from discovering the evidence within the one hundred twenty day period.
The grant or denial of a motion for leave to file a delayed motion for new trial lies within the trial court's sound discretion. State v. Pinkerman (1993), 88 Ohio App.3d 158; Statev. Schiebel, supra. However, a motion for leave to file a delayed motion for a new trial under Crim.R. 33 (B) should be granted where the defendant was unavoidably prevented from discovering the new evidence within one hundred twenty days of the verdict. State v.Pinkerton, supra.
Both Crim.R. 33 (A) (6) and Crim.R. 33 (B) require that the newly discovered evidence could not have been discovered with due diligence. There is a difference between the two as to the standard of review applied. Crim.R. 33 (A) (6) determinations are reviewed under an abuse of discretion standard. However, when a motion is filed more than one hundred twenty days after judgment, the record first will be reviewed to determine if the defendant provided clear and convincing proof that the evidence could not have been discovered with due diligence before the time limit imposed by Crim.R. 33 (B) expired. "Clear and convincing evidence" falls short of evidence beyond a reasonable doubt and must produce in the mind of the trier of fact a firm belief or conviction to the facts sought to be established. State v. Schiebel, supra, at 74, citing Cross v. Ledford (1954), 161 Ohio St. 469, paragraph one of the syllabus. But, neither the trial court's ruling on the new trial motion, nor its decision on whether to hold a hearing thereon, will be disturbed on appeal in the absence of a clear showing that the trial court abused its discretion. Toledo v.Stuart (1983), 11 Ohio App.3d 292.
It is well-established that belated motions for a new trial without prior leave of court may be denied as nullities. Where a motion for a new trial on account of newly discovered evidence does not comply with the requirements of this section that motion should be dismissed. State v. Kiraly (1977), 56 Ohio App.2d 37, paragraph three of the syllabus. The rule is silent as to the evidentiary material which the defendant must submit to meet the burden of proof, but clearly more than mere allegation of unavoidable prevention is required. Kiraly, supra at 52 (Krenzler, J., concurring opinion); State v. Morgan (Dec. 31, 1992). Cuyahoga App. No. 63666, unreported.
Crim.R. 33 (2) requires that when a motion for a new trial on account of newly discovered evidence is not filed within one hundred twenty days after the day upon which the verdict was rendered that "such motion shall be filed within seven days from an order of the court finding that he was unavoidably prevented from discovering the evidence within the one hundred twenty day period."
Appellant's motion for a new trial was filed two and one-half years after the guilty verdict against him was returned. Therefore, the preliminary question before us in the instant case is whether appellant has shown by clear and convincing evidence that he was unable to timely discover this alleged "new evidence" with due diligence.
The appellant's affidavit filed in support of his motion requesting leave to file a delayed motion for a new trial alleges that "because the prosecution suppressed these statements to Cleveland Police Detectives there is no way that the defendant, or his attorney's [sic] could have known of the existence of these prior inconsistent statements at the time of his trial." Thus, appellant concludes, he would not have discovered these statements had he not filed under R.C. 149.43, and "was unavoidably delayed from the discovery of this information." Appellant's Public Records Request was filed July 15, 1997, over two years after the verdict against him.
We find appellant's conclusory statement that he was unavoidably delayed to be insufficient to demonstrate clearly and convincingly that he could not have discovered this new "evidence" with due diligence. Therefore, pursuant to Crim.R. 33 (3), which requires appellant to show by clear and convincing evidence that he was unavoidably delayed from discovery of this new evidence, and because appellant has failed to present any evidence to demonstrate the cause of the delay, we find no abuse of discretion in the trial court's failure to grant appellant's motion to file a delayed motion for a new trial. Accordingly, because leave to file a motion for a delayed appeal had not been granted, the trial court had no obligation to consider the merits of appellant's motion for a new trial. Thus, no abuse of discretion is shown in the trial court's denial of appellant's motion for a new trial.
However, even if this fatal defect were not present, we find that the merits of the motion dictate that the motion be denied.
In this appeal, appellant claims that his motion for a new trial should have been granted because he was prejudiced by the "suppression" of this exculpatory evidence and a reasonable probability existed that this "favorable" and "material" evidence would have put his case in such a different light that the outcome of his trial may well have been different. We do not agree.
First, appellant contends that the trial court erred in refusing to conduct an "in camera" inspection of the report as permitted in Evid.R. 612 because Officer Tussing used the document to "refresh his recollection" during his testimony. Second, appellant contends that the statement contained "excited utterances" and was, therefore, admissible. Third, appellant contends that the statement was discoverable and both favorable and material to his defense due to its impeachment potential as to the witnesses' inconsistent statements.
In this case, the alleged "newly discovered evidence" relied upon by appellant was a police report and as such was not discoverable within the ambit of Crim.R. 16. See City of Beachwoodv. Cohen (1986), 29 Ohio App.3d 226. "Notes made by a police during an interview with a witness to a crime are not subject to an in camera inspection within the intent and meaning of Crim.R. 16 (B) (1) (g)." State v. Washington (1978), 56 Ohio App.2d 129,381 N.E.2d 1142, at paragraph two of the syllabus; State v. Fontes
(Nov. 11, 1998), Union App. No. 14-97-45, unreported at 4." This police report was not prepared by the witness who looked at it while testifying and the trial court determined that it was not used to "refresh his recollection."
Further, for purposes of Crim.R. 16, "the term "statement' includes: (a) a written statement actually signed, or otherwise adopted or approved by a witness or party; (b) a mechanical recording of the witnesses' words or transcription thereof; or (c) a substantially verbatim recital of such statement in a continuous narrative form." (Citations omitted.) State v. Moore (1991),74 Ohio App.3d 334, 340. Thus, the police report was not subject to review within the purview of Evid.R. 612.
Moreover, appellant concedes in his affidavit that the evidence found in this police report relates "directly to the credibility of the prosecution witnesses" Evidence which attacks the credibility of a witness or impairs the reliability of a witness does not require the granting of a new trial. State v.Barber (1982), 3 Ohio App.3d 445; State v. Lott (Mar. 16, 1989), Cuyahoga App. No. 54537, unreported. A motion for a new trial should not be granted on the ground of newly discovered evidence if that evidence merely impeaches or contradicts former evidence.Petro, supra, at the syllabus.
Finally, appellant has failed to show that this evidence would be likely to change the result if a new trial were granted. Newly discovered evidence which merely impeaches or contradicts other evidence and does not create a strong probability of a different result upon retrial, does not warrant the granting of a new trial. See Dayton v. Martin, supra at 90; State v. Richard (Dec. 5, 1991), Cuyahoga App. No. 61524, unreported; State v. DeJohn (June 6, 1996), Cuyahoga App. No. 69297, unreported. Our independent review of the police report shows that it contains nothing exculpatory. Consequently, even if we assume that the trial court erred in failing to make a contemporaneous in camera inspection of the report at trial, such error would be harmless beyond a reasonable doubt. See State v. Kimmie (Apr. 22, 1999) Cuyahoga App. No. 73405, unreported.
In accordance with the foregoing, we find no abuse of the trial court's discretion in its denial of appellant's motion for a new trial.
JUDGMENT: AFFIRMED
It is ordered that appellee recover from appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
DYKE, P.J. and, KILBANE, J. CONCUR.
 ________________________________ TIMOTHY E. McMONAGLE JUDGE
N.B. This entry is an announcement of the court's decision. See App.R. 22 (B), 22 (D) and 26 (A); Loc.App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22 (E) unless a motion for reconsideration with supporting brief, per App.R. 26 (A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22 (E). See, also, S.Ct.Prac.R. II, Section 2(A)(1).