OPINION
Reubin J. Beavers is appealing from the denial of his petition for post-conviction relief following a hearing. Beavers was convicted in 1994 of one count of felonious assault and two counts of shooting at or into a habitation with prior offense of violence specifications and a three-year firearm specification. This court affirmed his conviction. Beavers subsequently filed a petition for post-conviction relief which was denied by the trial court without a hearing. On his appeal from that decision, this court reversed, finding that one of the affidavits attached by Beavers to his petition did establish a genuine issue of material fact on his claim of ineffective assistance of trial counsel. We therefore reversed and remanded for a hearing. Beavers has appealed pro se and presents us with the following three assignments of error:
 1. THE TRIAL COURT ERRED AND/OR ABUSED ITS DISCRETION WHEN HE [SIC] FAIL [SIC] TO ACCURATELY ACKNOWLEDGE AND ADDRESS DEFENDANT/APPELLANT'S OVERALL CLAIM OF INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL.
 2. THE TRIAL COURT ERRED AND/OR ABUSED ITS DISCRETION WHEN HE [SIC] FAIL [SIC] TO THOROUGHLY REVIEW THE FACTS, INFORMATION AND EVIDENCE SUBMITTED AT THE OCTOBER 29, 1998 EVIDENTIARY HEARING, IN SUPPORT OF DEFENDANT/APPELLANTS' OVERALL CLAIM OF INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL.
 3. THE TRIAL COURT ERRED AND/OR ABUSED ITS DISCRETION WHEN HE [SIC] OVERRULED THE DEFENDANT/APPELLANTS' PETITION FOR POST-CONVICTION RELIEF AFTER ALL OF THE FACTS, INFORMATION AND EVIDENCE THAT WAS PRESENTED IN SUPPORT OF DEFENDANT'S CLAIM AT THE OCTOBER 29, 1998 EVIDENTIARY HEARING.
The facts of the case and the issues before us are fully detailed in the decision of the trial court, which we set forth in full as follows:
 This case arises originally out of a motion for post conviction relief filed by Defendant Reubin Beavers on September 23, 1996. The State of Ohio filed a motion for summary judgment in this case on November 21, 1996. This Court issued a decision sustaining the State's motion for summary judgment and overruling Defendant's motion for post-conviction relief on December 17, 1996. Defendant appealed this decision and the Court of Appeals reversed and remanded finding that the affidavit of Raney A. Mease created a genuine issue of material fact as to Defendant's ineffective assistance of counsel claim. The Court of Appeals ordered that this Court hold an evidentiary hearing in this matter to determine if counsel's failure to contact Raney A. Mease as a witness is sufficient to find ineffective assistance of counsel and grant Defendant's motion for post-conviction relief. An evidentiary hearing was held in this matter on October 29, 1998 in which several witnesses testified, including Defendant's trial attorney, Mark Stone, Raney A. Mease and Defendant.
 The United States Supreme Court has set forth a conjunctive two prong test for a court to use when evaluating a claim of ineffective assistance of counsel. Strickland v. Washington (1984), 466 U.S. 668. First, a defendant must show that the performance of trial counsel fell below an objective standard of reasonableness. Id. at 687-88. Second, a defendant must show that trial counsel's errors were serious enough to create a reasonable probability that, "but for" counsel's unprofessional errors, the result of the trial would have been different. Id. at 694. There is a strong presumption in Ohio that "counsel's conduct falls within the wide range of reasonable professional assistance." State v. Bradley (1989), 42 Ohio St.3d 136, 142. Attorneys have "a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." Strickland, 466 U.S. at 691. If the attorney makes a decision not to pursue an avenue of investigation, the decision must be examined for reasonableness, allowing a large amount of deference to the attorney's judgment. Id.
 It appears to this Court that Defendant had three allegations of ineffective assistance of counsel. First, Defendant felt he should have been allowed to assist his counsel in locating and interviewing witnesses for trial. Second, his counsel was ineffective by not emphasizing exculpatory statements located in a police report that was admitted into evidence. And third, his counsel gave ineffective assistance by not calling several witnesses Defendant felt were necessary to testify in the trial., Defendant's first allegation does not even apply to Defendant's trial counsel, but instead the Trial Judge. Defendant was either incarcerated or on Electronic Home Detention during the investigation preceding his trial. Defendant was therefore not able to participate as fully in the investigation of his case as he desired. The Court record reflects attempts by trial counsel to have the Court allow Defendant to participate in the investigation of his case, as well as attempts to have Defendant released on conditional own recognizance. The Court simply did not always rule in his favor. This does not indicate ineffective assistance of counsel, but instead a disagreement with the rulings of the Court., Defendant's second allegation of ineffective assistance of counsel is the failure of counsel to emphasize the final lines in the police report which stated that no one at that time had actually seen Defendant shoot the gun. The police report in question was admitted into evidence at the trial and thus provided to the jury. Although trial counsel did not elicit the exact words from the Officer while he was on the stand during trial, the jury was still able to see the entirety of the report. Even if it could be said that trial counsel's failure to elicit this exact testimony fell below the standard of reasonableness, Defendant did not demonstrate that the outcome of the trial would have been different had this testimony been elicited on the stand. At least the second prong of the Strickland test has therefore not been met for this allegation.
 Finally, Defendant's third allegation of ineffective assistance of counsel involved failure to call several witnesses. The three witnesses focused on by Defendant were James McGhee, Terri Watkins and Raney Mease. This Court previously ruled that James McGhee and Terri Watkins were cumulative alibi witnesses and therefore, failure to call them did not constitute ineffective assistance of counsel. That ruling was not disputed by the Court of Appeals and testimony elicited at the hearing in this matter did not change the finding on those witnesses. Therefore, the prior ruling that James McGhee and Terri Watkins were cumulative alibi witnesses is hereby re-affirmed.
 However, the Court of Appeals did find that Raney Mease's affidavit created a genuine issue of material fact as to whether Defendant had ineffective assistance of counsel at trial.
 Raney Mease testified at the hearing that he was at the scene at the time of the shooting. He stated that he saw the man with the gun and actually exchanged words with the shooter. He testified that he did not know the name of the shooter, but he was sure it was not Defendant, as the shooter was heavier, shorter, darker complected and had more hair than Defendant. Mr. Mease did not know Defendant at the time of the shooting nor at the time of the trial, but instead met him later in 1996 at Ross Correctional Institution in the law library. Mr. Mease testified that he overheard Defendant speaking to another inmate about the shooting incident for which he was convicted. Mr. Mease allegedly approached Defendant and told him that he was there that night and witnessed the shooting.
 The police report for the shooting indicated that a black male in a van drove by the police a few blocks from the shooting and hollered that someone was shooting at a house at the end of N. Orchard. The police report gave no further description of the man or the van. Coincidentally, this person is now alleged to be Raney Mease, who is serving a sentence at Ross Correctional Institution with Defendant.
 Although the questionable credibility of Mr. Mease's testimony and Defendant's testimony regarding his incredibly coincidental discovery of Mr. Mease in prison is relevant, the main question is whether trial counsel's failure to call him as a witness rendered Defendant's counsel ineffective. The only identification available of this person at the time of trial was that he was a black male in a van. Defendant did not demonstrate that he knew his identity at the time of trial, nor that he could have determined his identity by the time of trial. Defendant must show that trial counsel's failure to call Mr. Mease as a witness fell below an objective standard of reasonableness. It was not reasonable for trial counsel to have determined the identity of Mr. Mease at the time of trial from the description "a black male in a van." Therefore, it would not have been reasonable for trial counsel to call Mr. Mease as a witness at Defendant's trial.
 Based on the foregoing, Defendant has failed to meet both elements of the Strickland test on any of the allegations of ineffective assistance of counsel. Therefore, based on this Court's findings from the evidentiary hearing of October 29, 1998, Defendant's motion for post-conviction relief originally filed September 23, 1996 is hereby OVERRULED.
Docket 26.
In our decision reversing Beavers' prior denial of his post-conviction relief petition, we noted that the affidavit of Raney A. Mease raises the genuine issue of material fact on the claim of ineffective assistance of trial counsel. In Mease's affidavit, and in his testimony at the hearing before us, Mease claimed to have seen the man who did the shooting, actually had talked with him, and fled the scene in his van yelling to the police a few blocks away that a shooting was going on at that particular location which he named. Mease stated in his affidavit and in his testimony at the hearing of the petition that the shooter was definitely not Beavers and described the assailant's physical characteristics, which certainly were in direct contrast to Beavers. However, the trial court points out, Beavers' counsel at his trial knew nothing about Raney Mease, nor did Beavers, and Mease never contacted anyone, even the police, to report what he had seen and identify himself. Thus, we cannot find his trial counsel constitutionally ineffective, as the trial court points out, and we will necessarily have to affirm the denial of Beavers' petition for post-conviction relief. In so doing, we approve and set forth as our own the opinion of the trial court quoted above.
However, Beavers is not without a possible remedy. We have here a situation of very strong exculpatory new evidence which was not discovered prior to trial and which, from the facts set forth before us, could not with reasonable diligence have been discovered and produced at the trial. Crim.R. 33 allows a motion for a new trial by the defendant upon grounds, inter alia, that new evidence material to the defense has been discovered which defendant could not with reasonable diligence have discovered and produced at the trial. Crim.R. 33(A)(6). Beavers will have to file such a motion with the trial court and, as a preliminary step, ask the court to find that he was unavoidably prevented from discovering the evidence within 120 days after the day of the verdict. On the evidence before us, we would be tempted ourselves to grant a motion by Beavers for a new trial, but we do not have the jurisdiction to do that. State v. Jones (1994), 71 Ohio St.3d 293,643 N.E.2d 547. The motion for a new trial is addressed to the sound discretion of the trial court. State v. Schiebel
(1990), 55 Ohio St.3d 71, 564 N.E.2d 54. The test is whether the newly discovered evidence would create a strong probability of a different result at trial. Dayton v. Martin (1987), 43 Ohio App.3d 87,539 N.E.2d 646; State v. DeFronzo (1978), 59 Ohio Misc. 113, 13 O.O.3d 337, 394 N.E.2d 1027 (CP). Since the testimony of the only known eye witness to the incident completely exonerates Beavers, it is difficult to believe that Mease's testimony would not provide sufficient grounds for a different result to the trial.
For all the foregoing reasons, the assignments of error are overruled, and the judgment is affirmed, but Beavers is free to pursue his remedy for a new trial through Crim.R. 33 which, it would seem, he certainly deserves to have.
Judgment affirmed.
 ____________________________________ FREDERICK N. YOUNG, Judge
GRADY, P.J. and WOLFF, J., concur.