OPINION
This is an appeal from a judgment of the Franklin County Court of Common Pleas. Defendant-appellant, Solomon T. Sheridan, was convicted of killing his wife and tampering with evidence, and was sentenced to twenty years to life, plus two years consecutively on the tampering charge. These convictions were upheld on appeal to this court in case number 94APA04-529.
In May 1999, appellant filed a motion for a new trial which was denied by the trial court on December 1, 1999. From that denial, appellant appeals designating three assignments of error, as follows:
 FIRST ASSIGNMENT OF ERROR THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION FOR A NEW TRIAL WHERE THE MISCONDUCT OF A WITNESS MATERIALLY [AND] PREJUDICIALLY AFFECTED APPELLANT'S FUNDAMENTAL RIGHT TO A FAIR TRIAL AND AN IMPARTIAL CONSIDERATION OF THE FACTS AND LAW PRESENTED IN COURT, AS MANDATED UNDER THE FIFTH, SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I SECTIONS 5 AND 16 OF THE OHIO CONSTITUTION.
 SECOND ASSIGNMENT OF ERROR THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION FOR NEW TRIAL WHERE THE MISCONDUCT OF THE PROSECUTING ATTORNEY MATERIALLY AND PREJUDICIALLY INTERFERED [SIC] WITH APPELLANT'S FUNDAMENTAL RIGHT TO A FAIR AND IMPARTIAL TRIAL AS MANDATED BY THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I SECTIONS 5 AND 16 OF THE OHIO CONSTITUTION.
 THIRD ASSIGNMENT OF ERROR THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION FOR NEW TRIAL AFTER APPELLANT, CLEARLY SHOWED THAT HE USE [SIC] MORE THAN REASONABLE DILIGENCE OR IMPOSSIBLE DILIGENCE. OBTAINING A COPY OF A SWORN STATEMENT AND A COPY OF THE CERTIFICATE OF INSURANCE FROM METLIFE INSURANCE COMPANY. IT IS THE ONLY AFFIRMED INSURANCE EVIDENCE TO BE PRESENTED BY ANYONE AT ANY TIME.
The standard of review on a motion for a new trial on the grounds of newly discovered evidence in a criminal case is long established. The Ohio Supreme Court held, in State v. Petro
(1947), 148 Ohio St. 505, that, in order to grant a motion for a new trial, it must be shown that the newly discovered evidence upon which the motion is based: (1) discloses a strong probability that it will change the result if a new trial is granted; (2) has been discovered since the trial; (3) is such as could not in the exercise of due diligence have been discovered before the trial; (4) is material to the issues; (5) is not merely cumulative to former evidence; and (6) does not merely impeach or contradict the former evidence. The Ohio Supreme Court, in Petro, at 507, further noted that:
 "The granting of a motion for a new trial upon the ground named * * * is necessarily committed to the wise discretion of the court, and a court of error cannot reverse unless there has been a gross abuse of that discretion. And whether that discretion has been abused must be disclosed from the entire record. * * *"
The standard of review on appeal is set out in the first paragraph of the syllabus in State v. Schiebel (1990), 55 Ohio St.3d 71
:
 A motion for new trial * * * is addressed to the sound discretion of the trial court, and will not be disturbed on appeal absent an abuse of discretion.
In Dayton v. Martin (1987), 43 Ohio App.3d 87, the court suggested an approach to considering these motions. In determining whether newly discovered evidence warrants a new trial, a two-tier test is applied. First, is the evidence merely impeaching? If not, a new trial may be warranted. If it is, then the question becomes whether the newly discovered evidence would create a strong probability of a different result at trial.
We shall address the third assignment of error first. Appellant contends that the trial court erred in finding that he did not use due diligence in raising the matters presented in the motion for a new trial. While it is true that the trial court did find that appellant did not meet the diligence requirement ofPetro, the court did not deny the motion on that basis alone; rather, the trial court considered the motion for a new trial on the merits. Thus, the result in appellant's third assignment of error depends on the result in appellant's first and second assignments of error.
The prosecution's theory of the case was that appellant killed his wife in order to obtain her state employees life insurance and PERS accumulation. Appellant claimed that she committed suicide and that, when he found her body, he was afraid that he would be accused of her murder so he took the body and dumped it behind the Berwick Shopping Center. In order to establish motive, the state called Evelyn Street, who testified about the employment records of the decedent, the amounts due, and that appellant called her the day after his wife's body was found to inquire about when the life insurance would be paid.
In his motion for a new trial, appellant pointed to certain discrepancies in Street's testimony. For example, she testified that the insurance would have lapsed on January 1st, although, from the documentation presented by appellant, the lapse date appears to be January 31st. Appellant characterizes this as a form of perjury and misconduct. As a practical matter, almost all of the evidence presented in any trial is subject to these kinds of inconsistencies, but almost none of these kinds of discrepancies is sufficient to create the strong probability of a different result if the case were re-tried. In this case, the issue is not when the insurance would have lapsed but whether there was coverage and, hence, a motive at the time of decedent's death. Appellant's first assignment of error is not well-taken.
Appellant contends in his second assignment of error that there was a failure to make discovery of Street at the second trial, and that the calling of her, for what appellant claims to be improper testimony, constituted prosecutorial misconduct. As noted above, Street's testimony was not improper and, if there were any failure to comply with discovery, it was a technical violation at most and hardly prejudicial. Defense counsel at the second trial had to know the state's theory of the case and had to know that Street would be called to testify about the insurance coverage and appellant's call about it. This, too, is not the sort of matter that creates the strong probability of a different result. Indeed, were there to be another trial, Street would no doubt testify to the very same things. Appellant's second assignment of error is not well-taken.
Inasmuch as we found appellant's first and second assignments of error not well-taken on their merits, the issue in appellant's third assignment of error is moot and we decline to address it. App.R. 12(A)(1)(c).
Based on the foregoing, appellant's assignments of error are overruled, and the judgment of the trial court is affirmed.
BROWN and BRYANT, JJ., concur.
GREY, J., retired of the Fourth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.