OPINION
David Clark appeals from the denial of his motion for new trial and evidentiary hearing. We affirm.
Clark was found guilty of several offenses, including aggravated murder, after a trial by jury, and he was sentenced accordingly. We affirmed his conviction in State v. Clark (May 4, 1994), Montgomery App. No. 13435, unreported, and the denial of his petition for post conviction relief. State v. Clark (May 29, 1998), Montgomery App. No. 16463, unreported. On May 4, 1999, Clark filed a pro se motion for new trial and requested an evidentiary hearing which the trial court overruled without a hearing May 25, 1999, resulting in the current appeal wherein Clark, by counsel, advances three assignments of error.
 1. WHETHER THE TRIAL COURT ERRED IN DENYING DEFENDANT'S MOTION FOR A NEW TRIAL BASED ON NEWLY DISCOVERED EVIDENCE.
The charges against Clark arose out of a burglary and burning of a residence occupied by Judith Simpson and her daughter Amanda. Amanda perished in the fire, and her mother was injured. John Spicer, Jr. was a prosecution witness at the trial of the criminal charges and implicated Clark in the offenses of which he was convicted. In a subsequent civil action arising out of the same incident, Spicer was a named defendant. During a deposition in the civil action, Spicer claimed he was at home with his mother and grandmother during the incident, thus recanting his trial testimony that he had been with Clark when Clark burglarized and torched the Simpson home. Clark supported his motion for new trial with excerpts from Spicer's deposition and an assertion that two other prosecution witnesses "have . . . expressed a willingness to come forward and tell the truth also."
The trial court determined that Spicer's deposition testimony "merely impeaches his trial testimony and is insufficient to create a strong probability of a different result at trial," citing Dayton v. Martin
(1987), 43 Ohio App.3d 87, wherein we construed State v. Petro (1947),148 Ohio St. 505.
Petro holds as follows:
 To warrant the granting of a motion for a new trial in a criminal case, based on the ground of newly discovered evidence, it must be shown that the new evidence (1) discloses a strong probability that it will change the result if a new trial is granted, (2) has been discovered since the trial, (3) is such as could not in the exercise of due diligence have been discovered before the trial, (4) is material to the issues, (5) is not merely cumulative to former evidence, and (6) does not merely impeach or contradict the former evidence.
Counsel concedes the futility of this assignment, acknowledging that criteria one and six of the Petro analysis were not satisfied by Clark's motion and deposition excerpts. Accordingly, we overrule the first assignment. See also State v. Padgett (June 30, 2000), Greene App. No. 99 CA 87, unreported, holding that an appellate court need not consider a concedely meritless assignment of error where other assignments, contended to be meritorious, are advanced.
 2. WHETHER THE TRIAL COURT ERRED IN NOT CONDUCTING AN EVIDENTIARY HEARING ON APPELLANT'S MOTION FOR A NEW TRIAL.
This assignment of error contends that the trial court abused its discretion in not conducting an evidentiary hearing on Clark's motion for new trial.
Clark first contends that an evidentiary hearing would have permitted him to produce a number of witnesses who would have corroborated Spicer's recantation of having been at the crime scene. We agree with the State, however, that while the testimony of these witnesses might have served to better exculpate Spicer from responsibility for the burglary and arson, it would not have exculpated Clark. Thus, there was not a strong possibility of a different result merely because others might have corroborated Spicer's recantation of having been at the crime scene.
Clark also contends that an evidentiary hearing would have allowed inquiry as to why Spicer and Robert Brigeman, another prosecution witness who had recanted at trial his earlier statements incriminating Clark, had recanted. Clark does not enlighten us as to how the motives of Spicer or Brigeman to recant are relevant, and Clark's motion for new trial and evidentiary hearing did not inform the trial court that motive to recant of either Spicer or Brigeman was an issue. In any event, Brigeman recanted at trial before the jury, and the jury still found Clark guilty. Hence, testimony from Brigeman would have added nothing to thePetro analysis, and, as discussed above, testimony from Spicer and witnesses corroborating his claim of non-presence at the crime scene would not have exculpated Clark or demonstrated a strong possibility of a different result upon retrial.
We have said that newly discovered evidence that recants trial testimony is looked upon with the utmost suspicion. State v. Howe (Jan. 24, 1966), Montgomery App. No. 13969, 15139, unreported. Certainly that should be the case here. Spicer's recanting testimony is contained in a deposition taken in a civil action in which he is a named defendant. Spicer's recantation testimony is also suspect given his detailed incriminating testimony at trial. If Spicer were to testify at a retrial, he would certainly be confronted with his earlier testimony. If Spicer were not to testify at trial, his prior trial testimony would no doubt be admissible under Evid.R. 804(B)(3). These considerations also militate against a strong likelihood of a different result upon retrial.
Finally, Clark alleged in his motion that two other prosecution witnesses "have . . . expressed a willingness to come forward and tell the truth. . . ." He claims on appeal that the trial court abused its discretion in not conducting a hearing where he could present these witnesses. In State v. Pritchard (Nov. 26, 1999), Hamilton App. No. C-990148, the court, citing State v. Hill (1992), 64 Ohio St.3d 313,333, stated that "(i)t is within the discretion of the trial court to determine whether a motion for a new trial and the material submitted with the motion warrant an evidentiary hearing." In our judgment, the trial court acted well within its discretion in apparently determining that Clark's unsubstantiated assertion that two unnamed witnesses were ready to tell the truth did not warrant an evidentiary hearing.
The second assignment is overruled.
 3. WHETHER THE TRIAL COURT ERRED IN NOT APPOINTING COUNSEL FOR DEFENDANT'S MOTION FOR A NEW TRIAL.
Although recognizing that he had no constitutional right to appointment of counsel — Pennsylvania v. Finley (1987), 481 U.S. 551 — Clark nevertheless contends that the trial court abused its discretion in not appointing him counsel. Our examination of the record reveals no request for counsel. We have already determined that the trial court acted within its discretion in overruling the motion for new trial without an evidentiary hearing. Under the circumstances, the trial court did not act unreasonably in not appointing counsel for Clark.
The third assignment is overruled.
 _________________________ WOLFF, J.
GRADY, P.J. and GLASSER, J., concur.
(Hon. George M. Glasser sitting by assignment of the Chief Justice of the Supreme Court of Ohio).