DECISION AND JUDGMENT ENTRY
This is an appeal from a conviction of telephone harassment, a violation of R.C. 2917.21, in the Lawrence County Municipal Court, entered on July 28, 1999, as well as from the trial court's November 23, 1999 denial of appellant's motion for a new trial.
We dismiss the appellant's appeal from her conviction of a violation of R.C. 2917.21, telephone harassment, because it was not filed within that time period established by App.R. 3. A notice of appeal must be filed within thirty days after entry of the judgment or order being appealed. App.R. 4(A).
The appellate rules do include a provision whereby this time period is tolled in a criminal case where a motion for a new trial has been timely filed in the trial court. App.R. 4(B)(3). A motion for a new trial, based on grounds other than newly discovered evidence, must be filed within fourteen days after the verdict is entered. Crim.R. 33(B).
However, in a criminal case, a motion for a new trial made on the ground of newly discovered evidence does not extend the time for appealing from the judgment of conviction, if the motion, made on the ground of newly discovered evidence, is made after the time for filing it on other grounds has expired. App.R. 4(B)(3). The fourteen day time limit of Crim.R. 33(B) applies in such circumstances.
Here, the trial court, following a trial to the bench, found the appellant guilty of violating R.C. 2917.21, telephone harassment, in the judgment entry of July 28, 1999. On
August 27, 1999, some thirty days hence, the appellant filed her motion for a new trial on the grounds of newly discovered evidence. The trial court held a hearing on that motion and, on November 23, 1999, issued a judgment entry denying it. The appellant filed her notice of appeal on December 20, 1999.
Because it was not filed within fourteen days of the verdict, we find that the appellant's motion for a new trial, based on newly discovered evidence, failed to toll the running of the time for filing a notice of appeal of her conviction. As a result, we dismiss the appeal from the conviction of telephone harassment in violation of R.C. 2917.21 entered on July 28, 1999.
However, the appeal from the denial of the motion for a new trial was timely filed. Thus, we proceed to address only appellant's Third Assignment of Error, which relates to the motion for a new trial, and reads as follows:
 ASSIGNMENT OF ERROR NUMBER THREE: THE TRIAL COURT ERRED PREJUDICIALLY WHEN IT DENIED DEFENDANT/APPELLANT'S MOTION FOR A FINDING OF NOT GUILTY, OR IN THE ALTERNATIVE, FOR A NEW TRIAL WHEN DEFENDANT/APPELLANT INTRODUCED EVIDENCE THAT ANOTHER PERSON HAD MADE AT LEAST TWO (2) OF THE TELEPHONE CALLS FOR WHICH DEFENDANT/APPELLANT WAS FOUND GUILTY, AND FURTHER ESTABLISHED A PLAUSIBLE EXPLANATION FOR THE REMAINING THREE (3) CALLS.
The facts relevant to deciding this assignment of error are that Paul Conner received five telephone calls at his residence during a three-day period in January 1999. Two of these calls occurred in the early morning hours. The appellant was renting property from Mr. Conner's parents at the time. Mr. Conner testified that he was caretaker of the property, and that he had served an eviction notice on the appellant at about the same time he started receiving the telephone calls. He testified that he did not know who the caller was, and that the caller would just breathe over the telephone and not hang up. Mr. Conner contacted Ameritech, his telephone service provider, and requested that a tracer be placed on his line. The telephone "trap" record showed five calls placed from appellant's residence to the Conner residence at about the same time the Conners allege to have received the harassing telephone calls.
The appellant denied placing any of the five telephone calls. She testified that the only other persons with access to her telephone were her son and her fiancé. She did not believe that her fiancé placed the calls, but she did indicate that it was possible that her son placed the calls since he knew the Conner's telephone number.
 I.
Our standard of review in cases such as this, where the court below had denied a motion for a new trial which was based on the ground of newly discovered evidence is one of abuse of discretion by the court in denying the motion. "The decision to grant or deny a motion for a new trial on the basis of newly discovered evidence is within the sound discretion of the trial court and, absent an abuse of discretion, that decision will not be disturbed." State v. Hawkins (1993), 66 Ohio St.3d 339, 350,612 N.E.2d 1227, 1235, citing State v. Williams (1975), 43 Ohio St.2d 88,330 N.E.2d 891, paragraph two of the syllabus. See, also, State v. Petro
(1947), 143 Ohio St. 505, 76 N.E.2d 370. In reviewing a decision for an abuse of discretion, mere disagreement with the decision of the lower court is insufficient to support reversal. The standard is whether the trial court's decision was unreasonable, arbitrary or unconscionable.Wilmington Steel Products, Inc. v. Cleveland Elec. Illum. Co. (1991),60 Ohio St.3d 120, 122, 573 N.E.2d 622, 624.
In her motion for a new trial, and the affidavits in support thereof, the appellant stated that she discussed her telephone harassment conviction with members of her family following the trial court's verdict in July 1999. She indicated that, during one of the conversations, her ex-sister-in-law, Angie Pruitt, admitted that she had placed the two early morning calls to the Conner residence. In addition, the ex-sister-in-law opined in her affidavit that her son, Dakota, could have made the other three daytime calls. She stated that her son was friends with the Conner children and that he regularly called the Conner residence during the time that the appellant was a tenant of Mr. Conner's parents. Crim.R. 33(A)(6) provides that a new trial may be granted on the motion of a defendant when new evidence material to the defense is discovered which the defendant could not with reasonable diligence have discovered and produced at trial. In order to warrant a new trial, the newly discovered evidence must create a strong probability of a different result at trial. State v. Lemaster (Sept. 28, 1999), Pickaway App. No. 98CA46, unreported, citing Dayton v. Martin (1987), 43 Ohio App.3d 87,539 N.E.2d 646.
While appellant's newly discovered evidence may be exculpatory in nature, it does not create a strong probability of a different result at trial. The state presented evidence of five calls in total in which the caller would hold on the line and not hang up. The evidence presented in the appellant's motion, even read in a most favorable light to her, accounts for only the two early morning calls made to the Conner residence. Moreover, the fact that Angela Pruitt's son, Dakota, couldhave placed the daytime calls that were traced to the appellant's residence does not provide strong exculpatory evidence as to the remaining calls. At trial, the appellant testified that her own son knew the Conner's number and could have placed any of the calls. It is most unlikely that the trial court's decision would have been impacted by the fact that two children, instead of just one, could have placed the daytime calls from the appellant's residence.
Given the state's evidence of a violation of R.C. 2917.21, we are unable to conclude that the "new evidence" presented by appellant successfully creates the requisite probability of a different result at trial. Therefore, the denial of the motion of appellant by the trial court was not an abuse of the court's discretion.
Accordingly, this assignment of error is overruled, and the judgment of the trial court is affirmed.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Lawrence County Municipal Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, P.J., and Harsha, J.: Concur in Judgment and Opinion.
 _______________________________ David T. Evans, Judge