THE STATE OF OHIO, APPELLEE, *v.* BARBER, APPELLANT.

(No. 81AP-891—Decided March 30, 1982.)

*Mr. Michael Miller,* prosecuting attorney, and *Ms. Karen L. Martin,* for appellee.

*Mr. Robert M. Krivoshey,* for appellant.

NORRIS, J. Defendant-appellant, Drenda Barber, appeals from her conviction for felonious assault following a jury trial in the Court of Common Pleas of Franklin County. The issues raised by the appeal are whether her conviction was against the manifest weight of the evidence, and, whether the trial court erred in overruling her motion for a new trial which was proffered on the ground of newly discovered evidence.

Carl Fisher discovered that some firearms had been stolen from his residence, and, believing that they had been taken by James Garner, went to Garner's residence where he became involved in an altercation with Garner's father. The next day, Fisher was sitting on his porch when James Garner and his brother Edgar walked by. Edgar was

holding a large piece of concrete, and, apparently believing that he was threatened by Edgar, Fisher left his porch armed with a pistol and approached the brothers. He was shot three times, sustaining wounds to his head, arm, and finger.

The testimony concerning the shooting was sometimes confusing and contradictory. Fisher testified that six shots were fired—the three that hit him were fired by defendant, the sister of the Garner brothers who had come upon the scene, one by himself after he was shot, and the balance by James Garner after Fisher was shot.

Fisher's daughter, Cynthia, testified that defendant had a gun and shot her father; that James Garner had a gun but did not fire it; and that defendant fired three shots and her father fired one. Crystal Fisher, another daughter of the victim, testified that defendant shot her father; that she heard five shots; and that James Garner fired at her father. Lilly Watson, a neighbor of the Fishers, testified that she heard four shots; that defendant shot Fisher; and that James Garner had a gun but that she did not see him fire it.

Louise Garner, defendant's sister, testified for the defense that defendant had no gun; that she heard four shots; and that Fisher was shot by her brother, James. James Garner was called as a defense witness but refused to testify, contending that his testimony might be incriminating. Defendant testified that she did not have a gun, and that her brother, James, shot Fisher.

Following her conviction, defendant submitted a motion for a new trial, contending that she had discovered new evidence material to her defense, and attached to her motion an affidavit from James Garner. The affidavit included these statements:

"1) On May 8, 1981 I became involved in an altercation with Mr. Carl Fisher.

"2) At that time, after I saw him with a gun pointed at my brother Edgar and I saw him fire a shot at Edgar, a friend gave me his pistol.

"3) I fired three times at Mr. Fisher.

"4) The gun discharged two shots but jammed the third time I pulled the trigger.

"5) At no time did my sister Drenda Barber have a gun or fire a shot."

At the hearing on the motion, James Garner waived his Fifth Amendment right not to testify, and testified in a manner consistent with his affidavit. In addition, he said that he fired at Fisher from behind the wall of a house without looking at Fisher, and that he did not know if the shots had hit Fisher. At the conclusion of Garner's testimony, the trial judge made these comments:

"The Court: Well, the testimony in the case, there was no dispute at least four shots were fired on the date of the incident and there may have been as many as six shots fired. * * * This witness under oath has testified that he fired twice, attempted to fire the third time, but the gun jammed. The victim discharged his weapon one time. So, that leaves one more shot, at least, and perhaps two more shots to be unaccounted for by someone.

"The only other two persons that were even suspected * * * [were] * * * the defendant in this case and perhaps her sister. The testimony was clear from the prosecution witnesses that Drenda Barger [sic] did have a weapon. No one was quite sure whether her sister had a weapon or not, although her sister denied it, having a weapon.

"The fact that Mr. Garner now has testified that he fired two shots at the victim is not new evidence. That was testified to during the course of the trial by both the defendant and her sister. The jury had that evidence before it and shows [sic] apparently not to believe it."

The trial court then overruled the motion for a new trial, finding that Garner's testimony did not constitute newly

discovered evidence, but, instead, was cumulative to evidence introduced at trial. The court then ordered that James Garner be charged with felonious assault.

Defendant raises two assignments of error:

"1) The Court erred in overruling Defendant's Motion for a New Trial.

"2) That the judgment and finding by the trial Court is against the manifest weight of the evidence."

The portion of Crim. R. 33 relied upon by defendant in her motion for a new trial, reads as follows:

"(A) Grounds. A new trial may be granted on motion of the defendant for any of the following causes affecting materially his substantial rights:

"* * *

"(6) When new evidence material to the defense is discovered, which the defendant could not with reasonable diligence have discovered and produced at the trial. * * *"

A ruling on a motion for a new trial on the ground of newly discovered evidence is within the discretion of the trial court, and, in the absence of a clear showing of abuse of that discretion, the ruling will not be disturbed on appeal. *State* v. *Williams* (1975), 43 Ohio St. 2d 88 [72 O.O.2d 49], paragraph two of the syllabus. To warrant the granting of a motion for a new trial in a criminal case, based upon the ground of newly discovered evidence, it must be shown that the new evidence (1) discloses a strong probability that it will change the result if a new trial is granted, (2) has been discovered since the trial, (3) is such as could not in the exercise of due diligence have been discovered before the trial, (4) is material to the issues, (5) is not merely cumulative to former evidence, and (6) does not merely impeach or contradict the former evidence. *State* v. *Petro* (1947), 148 Ohio St. 505 [36 O.O. 165].

In order for defendant to prevail in this appeal, she must demonstrate that the testimony of James Garner satisfies all six criteria specified by the Supreme Court, and that the trial court abused its discretion in finding otherwise.

Garner's testimony clearly is material to the issue of defendant's guilt. While it may be argued that the testimony was not newly discovered evidence in the sense that it may have been known about at the time of trial, it clearly was not available due to Garner's refusal to waive his constitutional rights. (See *State* v. *Rife* [Oct. 9, 1980] Franklin App. Nos. 80AP-77 and 80AP-172, unreported). It was newly discovered in the sense that Garner's agreement to testify was discovered after the trial. By calling Garner as a witness at the trial, defense counsel exercised reasonable diligence in attempting to produce his testimony. Accordingly, we believe Garner's testimony satisfies the second, third, and fourth criteria set out in *State* v. *Petro, supra.*

The fifth and sixth criteria are similar in import when applied to the circumstances of this case. Because the standard is that the evidence be not "merely" cumulative, it will not be deemed cumulative simply because part of its content was covered or duplicated by evidence produced at trial, so long as the testimony contains additional elements which contribute significantly to defendant's case. See *State* v. *Rife, supra.*

The essence of Garner's testimony was that he had a pistol and fired two shots at Fisher, and that defendant did not fire a gun. Every element of this testimony was duplicated by testimony at trial: at least six witnesses said Garner had a pistol, four said he fired at Fisher, and two said defendant did not have a gun. Garner's testimony that he did not know if his shots hit Fisher contradicted neither the testimony of witnesses who said they did, nor of those who said that defendant's shots hit Fisher. Accordingly, it cannot be said that Garner's testimony contained additional elements which contribute significantly to defendant's case.

But these considerations do not by themselves dispose of the fifth and sixth

criteria. Even though the content of Garner's testimony was duplicated by other testimony at trial, the fact remains that some other person, not previously charged in the affair, has stepped forward and claimed responsibility, and that fact lends credibility to Garner's testimony. Where testimony amounts to a confession, which, if believed, would lead to the conviction of the witness and the exoneration of the person convicted at trial, the fact that such a confession exists may itself be regarded as newly discovered evidence, even though the evidence recited during the course of the confession was duplicated at trial. However, Garner's testimony did not amount to such a confession. While in it he accepted responsibility, his testimony, when considered together with the testimony at trial, would not serve to exclude defendant from responsibility and exonerate her. He testified that he fired twice at Fisher; the least number of shots testified to at trial was four and the greatest number six. He said that he did not aim at Fisher when he fired, and did not know whether his shots struck Fisher. Accordingly, the effect of Garner's testimony would not be to fix sole responsibility for the crime upon Garner and exonerate defendant; both defendant and Garner could be guilty when his testimony is considered together with the evidence elicited at trial.

We therefore conclude that the trial court did not abuse its discretion in finding that Garner's testimony was merely cumulative of former evidence. And because it may be viewed as cumulative, and because its effect was not to place sole responsibility for the crime upon Garner and exonerate defendant, the testimony cannot be said to disclose a strong probability that it will change the result if a new trial is granted.

The trial court not having abused its discretion in finding that Garner's testimony did not constitute newly discovered evidence sufficient to require the granting of a new trial, the first assignment of error is overruled.

The test to determine the sufficiency of evidence in a criminal appeal is whether reasonable minds can reach different conclusions on the issue of whether the defendant is guilty beyond a reasonable doubt. *State* v. *Black* (1978), 54 Ohio St. 2d 304, at 308 [8 O.O.3d 296]; *State* v. *Swiger* (1966), 5 Ohio St. 2d 151, at 165 [34 O.O.2d 270]. In other words, it is only where reasonable minds could not fail to find reasonable doubt that a reviewing court may reverse the judgment of the trier of facts.

Applying this test to the case before us, we find that there is sufficient evidence in the record upon which reasonable minds could conclude that defendant was guilty of felonious assault. Accordingly, the second assignment of error is overruled.

Defendant's assignments of error are overruled, and the judgment of the trial court is affirmed.

*Judgment affirmed.*

REILLY and MCCORMAC, JJ., concur.