While I agree with the majority that Mathis failed to meet the clear-and-convincing standard of Crim.R. 33(B) regarding the evidence related in McMullen's first affidavit, Woods's affidavit, and Lipscomb's affidavit, I would conclude that the information provided in McMullen's second affidavit, dated September 23, 1996, and in Rogers's affidavit did provide Mathis the right to file a motion for a new trial. The information in McMullen's second affidavit, that Rogers said that Mathis was not involved in the murder, was not provided to McMullen until March 20, 1996. Thus, this was information that would not have been available within 120 days after Mathis's trial. Contrary to the state's assertion, the information was not necessarily hearsay and might have been admissible under Evid.R. 804(B)(3).
Rogers exercised his privilege against self-incrimination during Mathis's trial. In September of 1996, he executed his affidavit in which he stated that Mathis was not with him at the time of the murder and that Mathis did not help him escape with his car. (The state contends that it could not locate the signature page to Rogers's affidavit. The record shows that Rogers signed his affidavit on the back page above the notary's stamp.) In State v. Barber,[9] the Tenth Appellate District acknowledged that evidence provided by a witness after he had exercised his Fifth Amendment right not to testify at a trial was clearly unavailable until the witness agreed to testify after trial, and that calling him as a witness at trial demonstrated "reasonable diligence" in attempting to produce his testimony at trial. Although State v. Barber did not involve a motion for leave to file a delayed new-trial motion, I believe its conclusion is instructive in this case. Rogers's invocation of the Fifth Amendment and the trial court's finding that he was unavailable at trial clearly made the testimony in his affidavit unavailable until he executed his affidavit.
Our review should focus on whether Mathis exercised "reasonable diligence" in obtaining the evidence he now wishes to present to the trial court, and not on whether he exercised "reasonable diligence" in filing his motion for leave to file an untimely motion for a new trial. Even so, I conclude that the record demonstrates that Mathis was diligently addressing his concerns with the judicial system. He filed a direct appeal in November of 1996. He filed a postconviction petition, pro se,
without signed affidavits on October 16, 1996. In November of 1996, the trial court denied his postconviction petition. In December of 1996, we affirmed his conviction. In April of 1997, he obtained the necessary verified affidavits. In June of 1998, he filed his motion for leave.
Mathis proved by clear and convincing evidence that he was unavoidably prevented from discovering the evidence contained in Rogers's affidavit and in McMullen's September 23, 1996, affidavit within the 120 days required under Crim.R. 33(B) and, thus, I would reverse the trial court's judgment and remand this case to the trial court for the entry of an order granting Mathis leave to file a motion for a new trial. Whether that motion would, or should, be granted is not before us now.
Please Note:
The court has placed of record its own entry in this case on the date of the release of this Decision.
[9] State v. Barber (1982), 3 Ohio App.3d 445, 445 N.E.2d 1146.