[Cite as *State v. Dew*, 2013-Ohio-2549.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | CASE NO.    12 MA 18 |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| VS. | ) | O P I N I O N |
| | ) | |
| GREGORY DEW, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:        Criminal Appeal from Common Pleas
Court, Case No. 07CR1262.

JUDGMENT:        Affirmed in part; Reversed and
Remanded in part.

APPEARANCES:
For Plaintiff-Appellee:        Attorney Paul Gains
Prosecuting Attorney
Attorney Ralph Rivera
Assistant Prosecuting Attorney
21 West Boardman Street, 6th Floor
Youngstown, Ohio  44503

For Defendant-Appellant:        Attorney Michael McGee
108 Main Avenue, Suite 500
Warren, Ohio  44481

JUDGES:
Hon. Joseph J. Vukovich
Hon. Cheryl L. Waite
Hon. Mary DeGenaro

Dated:  June 17, 2013

VUKOVICH, J.

**{¶1}** Defendant-appellant Gregory Dew appeals the Mahoning County Common Pleas Court's decision that found it was without jurisdiction to rule on Dew's "Motion to Obtain Grand Jury Transcripts" and "Motion For An Order Finding Defendant Was Unavoidably Prevented From The Discovery Of The Evidence Upon Which He Relies." The trial court's reasoning was that Dew had already appealed and such issues should have been raised in the direct appeal. In this case, we are asked to determine whether the trial court's decision regarding these two motions was correct.

**{¶2}** For the reasons expressed below, the "Motion For An Order Finding Defendant Was Unavoidably Prevented From the Discovery of the Evidence Upon Which he Relies" is a motion for leave to file a delayed motion for new trial based on newly discovered evidence pursuant to Crim.R. 33. The trial court had jurisdiction to rule on this motion. As for the motion for grand jury transcripts, the argument presented in that motion could have been raised in the direct appeal. Thus, the motion was barred by res judicata. Therefore, the trial court's decision is affirmed in part, and reversed and remanded in part with instructions for the trial court to rule on the Crim.R. 33 motion for leave to file a delayed motion for new trial.

## Statement of the Case

**{¶3}** In March 2007, the Mahoning County Grand Jury indicted Dew on three counts of sexual battery for incidents that occurred in the early 1990s. *State v. Dew*, 7th Dist. No. 08MA62, 2009-Ohio-6537, ¶ 4. This indictment was later dismissed because the sexual battery statute under which he was charged was not in effect when the alleged acts were committed. *Id.* However, prior to the dismissal, the Grand Jury reconvened and issued a superceding indictment in May 2007 charging Dew with three counts of rape, one count of corruption of a minor, and one count of gross sexual imposition. *Id.* This indictment identified two victims. *Id.*

**{¶4}** During the subsequent investigation, three additional women came forward with allegations against Dew. *Id.* at ¶ 5. The Grand Jury reconvened and issued another superceding indictment that charged Dew with an additional fifteen

counts of gross sexual imposition and three counts of rape. *Id.* The two cases were consolidated for trial. *Id.* at ¶ 6. After hearing the evidence, the jury found Dew guilty of four counts of rape, one count of corruption of a minor and two counts of gross sexual imposition.

{¶5} Dew timely appealed that decision to our court. Upon review, we upheld three of the rape convictions, the corruption of a minor conviction and one of the gross sexual imposition convictions. *Id.* ¶ 139. We reversed and vacated one rape conviction and one gross sexual imposition conviction. *Id.* Dew appealed our decision to the Ohio Supreme Court, which did not accept the case for review. *State v. Dew*, 124 Ohio St.3d 1510, 2010-Ohio-799, 922 N.E.2d 972. Dew also filed a petition for writ of certiorari with the United States Supreme Court, which was likewise denied. *Dew v. Ohio*, 131 S.Ct. 594 (2010).

{¶6} On November 14, 2011, Dew filed an untimely *pro se* application to reopen his appeal. *State v. Dew*, 7th Dist. No. 08 MA 62, 2012-Ohio-434. We denied the application because Dew failed to establish good cause for the delay. *Id.* at ¶ 10.

{¶7} Two weeks after filing the *pro se* application for reopening, Dew, *pro se*, filed the "Motion to Obtain Grand Jury Transcripts" and the "Motion for an Order Finding Defendant was Unavoidably Prevented from the Discovery of the Evidence upon which He Relies." 11/28/11 Motions. The state responded to both motions. 12/19/11 Motions. The trial court found it was without jurisdiction to rule on both motions. 01/03/12 J.E.; 01/17/12 J.E. The stated reasons were because Dew's case before the trial court was completed after his conviction by jury and consequent sentencing by the trial court, and because "Defendant has already appealed, and such issues should have been raised on appeal." 01/03/12 J.E.; 01/17/12 J.E.

{¶8} Dew timely appeals from those judgments. Originally, we held that the trial court's ruling on the "Motion for an Order Finding Defendant was Unavoidably Prevented from the Discovery of the Evidence upon which He Relies" was not a final appealable order, and therefore, we were without jurisdiction to rule on it. Our reason for doing so was because in the trial court's order finding it was without jurisdiction,

the trial court did not specifically state it was denying a delayed Crim.R. 33 motion. Thus, we limited the issue on appeal to a review of whether the trial court had jurisdiction to rule on the request for grand jury transcripts. After briefing was completed, a review of the case file was done and it was deemed that our earlier ruling that we were without jurisdiction to rule on the "Motion for an Order Finding Defendant was Unavoidably Prevented from the Discovery of the Evidence upon which He Relies" was incorrect. Accordingly, we issued a judgment entry allowing Dew to file a supplemental brief to argue that the trial court incorrectly determined that it was without jurisdiction to rule on the "Motion for an Order Finding Defendant was Unavoidably Prevented from the Discovery of the Evidence upon which He Relies." Counsel for Dew did not file a brief addressing this issue. That said, in case number 12MA25, a *pro se* appeal filed by Dew, Dew filed a brief that, in addition to other arguments, addresses the propriety of the trial court's ruling on the "Motion for an Order Finding Defendant was Unavoidably Prevented from the Discovery of the Evidence upon which He Relies." Case Number 12MA25 was consolidated into this appeal and that *pro se* brief was not struck from the record. Therefore, we will consider Dew's *pro se* arguments regarding the trial court's ruling on the motion for leave to file a delayed Crim.R. 33 motion for new trial.

{¶9} For clarification, the issues that are addressed in this appeal are the trial court's ruling on the motion for leave to file a delayed Crim.R. 33 motion for new trial and the trial court's ruling on the request for grand jury transcripts.

<u>Crim.R. 33 Motion for Leave</u>

{¶10} On November 28, 2011, Dew filed a motion titled "Evidentiary Hearing Requested" and "Motion for an Order finding Defendant was Unavoidably Prevented from the Discovery of the Evidence upon which he Relies." This motion clearly asked the trial court to allow him leave to file a delayed motion for new trial pursuant to Crim.R. 33(B). The state responded to that motion claiming that leave should not be granted. 12/19/11 Motion. Dew argued in his *pro se* brief that the trial court incorrectly concluded that it was without jurisdiction to rule on his motion for leave to file a delayed Crim.R. 33 motion for a new trial.

**{¶11}** Crim.R. 33(B) provides:

Application for a new trial shall be made by motion which, except for the cause of newly discovered evidence, shall be filed within fourteen days after the verdict was rendered, or the decision of the court where a trial by jury has been waived, unless it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from filing his motion for a new trial, in which case the motion shall be filed within seven days from the order of the court finding that the defendant was unavoidably prevented from filing such motion within the time provided herein.

Motions for new trial on account of newly discovered evidence shall be filed within one hundred twenty days after the day upon which the verdict was rendered, or the decision of the court where trial by jury has been waived. If it is made to appear by clear and convincing proof that the defendant was unavoidably prevented from the discovery of the evidence upon which he must rely, such motion shall be filed within seven days from an order of the court finding that he was unavoidably prevented from discovering the evidence within the one hundred twenty day period.

Crim.R. 33(B).

**{¶12}** The motion for new trial was clearly untimely. However, Dew was seeking permission to file a delayed motion for new trial. He followed the rule and asked for leave to file an untimely motion for new trial before filing the motion for new trial. *State v. Wilson*, 7th Dist. No. 11MA92, 2012-Ohio-1505, ¶ 42 (indicating that proper procedure for a filing a Crim.R. 33 motion for new trial beyond the time limits is to first file a motion for leave). His argument indicated that the motion for new trial will be based on newly discovered evidence.

**{¶13}** The Ohio Supreme Court has stated that even after an appellate court affirms a trial court's ruling, the trial court still retains jurisdiction over post-trial motions permitted by the Ohio Rules of Criminal Procedure. *State v. Davis*, 131 Ohio

St.3d 1, 2011-Ohio-5028, 959 N.E.2d 516, ¶ 37. Thus, it specifically held that the trial court retains jurisdiction to decide a motion for new trial based on newly discovered evidence when the specific issue has not been decided on direct appeal. *Id.*

**{¶14}** As explained above, a motion for leave to file an untimely motion for new trial is permitted by Crim.R. 33(B). Thus, the trial court retained jurisdiction to decide this motion. If we were to hold otherwise, that would mean that no untimely motion could be considered if the defendant had already appealed the decision. As the Ohio Supreme Court noted in *Davis*, "These [post trial] motions [that are prescribed by the Ohio Rules of Criminal Procedure] provide a safety net for defendants who have reasonable grounds to challenge their convictions and sentences." *Id.*

**{¶15}** Consequently, the trial court's decision regarding this issue is reversed and the cause is remanded to the trial court with instructions to rule on the motion for leave.

Grand Jury Transcripts

**{¶16}** The assignment of error addressing the trial court's denial of Dew's motion to obtain grand jury transcripts reads:

**{¶17}** "The trial court erred to the prejudice of Appellant by denying his motion to obtain the grand jury transcripts."

**{¶18}** The motion to obtain grand jury transcripts that is at issue in this case was filed in 2011. However, it was not the first motion that Dew filed seeking to obtain the grand jury transcripts. In August 2007, prior to trial, while the case was actively before the trial court, Dew filed a Motion to Inspect Grand Jury Proceeding. In that motion, he acknowledged that while Crim.R. 6(E) provides for grand jury proceedings to be secret, it also allows for the disclosure of grand jury proceedings if there is a court order allowing it. In order to obtain a court order, the defense must show that a particularized need for disclosure exists which outweighs the need for secrecy. *State v. Greer*, 66 Ohio St.2d 139 (1981), paragraph two of the syllabus.

Dew argued that the facts of the case showed that he met this standard. 08/17/07 Motion.

{¶19} In response to that motion, the trial court ordered the proceedings transcribed and to be put under seal for only its inspection. 08/20/07 J.E. After the trial court reviewed the motion, it found that there was no misconduct of the prosecutor or grand jury and thus, there was no demonstrated particularized need for disclosure of the transcripts. 08/24/07 J.E.

{¶20} After the jury convicted Dew and while the direct appeal was pending before our court, he filed a motion with the trial court to preserve the grand jury testimony for purposes of appeal and to transmit them under seal to this court. 05/19/08 Motion. The state agreed and the trial court granted the motions thereby transmitting the transcripts to our court under seal. 05/20/08 Motion; 05/23/08 J.E.

{¶21} However, in the direct appeal, no issue was raised to this court concerning the trial court's ruling that there was not a demonstrated particularized need for the disclosure of the grand jury transcripts. Or in other words, the correctness of the trial court's August 24, 2007 ruling was not appealed.

{¶22} In the 2011 motion to obtain grand jury transcripts, Dew acknowledges the trial court's prior decision that he had not displayed a particularized need for disclosure of the grand jury transcript. He now asserts that he did show a particularized need. In claiming as such, he contends that the trial court's decision was based on a narrow interpretation of *State v. Noogle*, 67 Ohio St.3d 31 (1993), which held that according to the statute enacted at the time for sexual battery, a coach was not considered *in loco parentis* of an athlete. Dew was a coach for the first two victims. Dew claims that the trial court had a strong issue with the *Noogle* decision and even stated at trial that the mere position of a coach fulfills the requirement of force or threat of force. Thus, according to Dew, there is a basis to reverse the trial court's lack of particularized need ruling.

{¶23} The trial court denied the 2011 motion to obtain grand jury transcripts by stating that "[t]his Court has previously ruled that it is without jurisdiction to

entertain Defendant's Motions, because Defendant has already appealed, and such issues should have been raised on appeal." 01/17/12 J.E.

**{¶24}** In the appellate briefs, Dew asserts that the trial court's decision that it lacks jurisdiction to decide the issue is incorrect. In support of his position, he argues that there are instances where a trial court has jurisdiction to rule on a post-trial motion for grand jury transcripts and this case presents one of those instances. The state, on the other hand, disagrees. Both parties cite to *State v. Russell*, 10th Dist. No. 05AP-1325, 2006-Ohio-5945, to support their respective positions.

**{¶25}** However, we do not need to discuss the *Russell* case or whether trial courts have jurisdiction over post-trial, post-appeal motions for grand jury transcripts because in this instance, the motion was barred by the principles of res judicata. The trial court's statement that the issue should have been raised in the direct appeal is correct.

**{¶26}** Principles of res judicata bar a criminal defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial that resulted in that judgment of conviction or on appeal from that judgment. *State v. Perry,* 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus. The grand jury transcripts were forwarded to this court under seal. Thus, the trial court's decision that Dew did not show a particularized need for the disclosure of the transcripts could have been raised in the direct appeal. However, as discussed above, it was not. Accordingly, the same argument regarding those transcripts is barred by res judicata.

**{¶27}** For the above stated reasons this assignment of error lacks merit.

### Conclusion

**{¶28}** In conclusion, the trial court did have jurisdiction to rule on the Crim.R. 33 motion for leave to file a delayed motion for new trial based on newly discovered evidence. That said, the request for grand jury transcripts is barred by res judicata. Therefore, the judgment of the trial court is affirmed in part and reversed and

remanded in part with instructions for the trial court to rule on the motion for leave to file a delayed Crim.R. 33 motion based on newly discovered evidence.

Waite, J., concurs.
DeGenaro, P.J., concurs.