STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | ) | CASE NO. 13 MA 174 |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| GREGORY DEW | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS:          Criminal Appeal from the Court of
                                   Common Pleas of Mahoning County,
                                   Ohio
                                   Case No. 07 CR 1262

JUDGMENT:                          Affirmed.

APPEARANCES:

For Plaintiff-Appellee:            Atty. Paul J. Gains
                                   Mahoning County Prosecutor
                                   Atty. Ralph M. Rivera
                                   Assistant Prosecuting Attorney
                                   21 West Boardman Street, 6th Floor
                                   Youngstown, Ohio  44503

For Defendant-Appellant:           Gregory Dew, *Pro se*
                                   #543-986
                                   Trumbull Correctional Institution
                                   P.O. Box 901
                                   Leavittsburg, Ohio  44430

JUDGES:
Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Mary DeGenaro

                                   Dated:  January 21, 2016

WAITE, J.

{¶1} Appellant Gregory Dew appeals an October 31, 2013 judgment entry denying his Crim.R. 33(A)(6) motion for a new trial. Following jury trial Appellant was convicted on four counts of rape, in violation of R.C. 2907.02(A)(2)(B); two counts of gross sexual imposition, in violation of R.C. 2907.05(A)(1)(B); and one count of corrupting a minor, in violation of R.C. 2907.04(A). Appellant has filed several appeals with this Court since his conviction.

{¶2} Appellant now contends that the trial court erroneously denied his motion for a new trial. He additionally argues that the trial court judge exhibited bias against him. As each of Appellant's arguments have been raised on direct appeal or should have been so raised, they are barred by *res judicata.* Accordingly, his arguments are without merit and the judgment of the trial court is affirmed.

### Factual and Procedural History

{¶3} In 2007, Appellant was convicted on four counts of rape, two counts of gross sexual imposition, and one count of corruption of a minor. He was sentenced to an aggregate term of 43 years of incarceration. Appellant appealed his conviction and was partially successful in *State v. Dew,* 7th Dist. No. 08 MA 62, 2009-Ohio-6537 ("*Dew I*"). Shortly thereafter, Appellant filed a motion to reopen his appeal to challenge his conviction based on a claim of ineffective assistance of counsel in *State v. Dew,* 7th Dist. No. 08 MA 62, 2012-Ohio-434 ("*Dew II*"). This motion was denied.

{¶4} Appellant then filed a Crim.R. 33(A)(6) motion for a new trial with the trial court. The trial court dismissed Appellant's motion based on the belief that the court lacked jurisdiction. However, we reversed the trial court's decision because the

court did have such jurisdiction. *State v. Dew,* 7th Dist. No. 12 MA 18, 2013-Ohio-2549 ("*Dew III*").

{¶5} While *Dew III* was pending before us, Appellant filed a fourth appeal requesting a delayed reopening of his case based on claims surrounding the preservation of a wiretap recording. *State v. Dew,* 7th Dist. No. 08 MA 62, 2014-Ohio-4042. This appeal was denied.

{¶6} Appellant has also filed two separate motions with the Chief Justice of the Ohio Supreme Court requesting recusal of the trial court judge based on a claim of bias. The chief justice denied each of these motions and an additional motion for reconsideration. Hence, Appellant's motion for a new trial was heard by the same judge who presided over his trial.

{¶7} The trial court conducted a Crim.R. 33 evidentiary hearing pursuant to Appellant's motion for a new trial. Appellant presented the following arguments: (1) someone within the jury commission office intentionally tampered with the computer software that generates a jury venire and caused Appellant's jury venire to have a disproportionate number of persons related to local law enforcement; (2) the state intentionally tampered with a DVD file that contained Appellant's interrogation video; (3) the state "steered" the case to a specific judge to gain a perceived advantage over Appellant; and (4) the trial court erroneously instructed the jury on force or threat of force. Appellant introduced several affidavits from various witnesses in support of his arguments.

{¶8} At the Crim.R. 33 hearing, the trial court determined that Appellant was barred from raising the alleged error related to the jury venire pursuant to Crim.R. 29,

which requires a defendant to raise any such errors before the trial begins. In the trial court's judgment entry, the court found that Appellant failed to present evidence to suggest that anyone in the jury commission office tampered with the software. As to the DVD file, the trial court similarly held that Appellant failed to provide evidence to show that someone tampered with the file. The court also found that the "evidence" was not newly discovered, as Appellant had been provided the DVD before his trial began. Next, the trial court held that Appellant was barred from contesting the jury instructions as that issue had already been resolved by this Court. Finally, the trial court found that Appellant had failed to provide evidence that his case was "steered" by the state to a specific judge. As each of Appellant's arguments lacked merit, the trial court denied the motion for a new trial. Appellant has filed a timely appeal of the trial court's ruling. For ease of understanding, Appellant's assignments of error will be discussed out of order.

<u>Third Assignment of Error</u>

TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED APPELLANT'S MOTION ON THE MERITS.

{¶9} Before a trial court may grant a motion for a new trial in a criminal case on the basis of newly discovered evidence, the defendant must show that the new evidence: (1) raises a strong probability that the result of the case will change if a new trial is granted, (2) has been discovered since the trial, (3) could not have been discovered prior to trial through the exercise of due diligence, (4) is material to the issues, (5) is not cumulative to other known evidence, and (6) does not merely

impeach or contradict the other known evidence. *State v. Barber*, 3 Ohio App.3d 445, 447, 445 N.E.2d 1146 (10th Dist.1982), citing *State v. Petro*, 148 Ohio St. 505, 76 N.E.2d 370 (1947).

{¶10} A criminal defendant is barred "from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial that resulted in that judgment of conviction or on appeal from that judgment." *Dew III* at ¶26, citing *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus.

{¶11} Failure to raise an issue in the trial court waives all but a plain error review. *State v. Hill,* 92 Ohio St.3d 191, 196, 749 N.E.2d 274 (2001), citing *State v. Williams,* 51 Ohio St.2d 112, 117, 364 N.E.2d 1367 (1972). "Plain error is one in which but for the error, the outcome of the trial would have been different." *State v. Peck,* 7th Dist. No. 12 MA 205, 2013-Ohio-5526, ¶13, citing *State v. Hancock*, 7th Dist. No. 09-JE-30, 2010-Ohio-4854, ¶55, citing *State v. Long*, 53 Ohio St.2d 91, 97, 372 N.E.2d 804 (1978). "Plain error should only be recognized in exceptional circumstances to prevent the miscarriage of justice." *State v. Love,* 7th Dist. No. 02 CA 245, 2006-Ohio-1762, ¶14, citing *State v. Lundgren*, 73 Ohio St.3d 474, 485, 653 N.E.2d 304 (1995).

{¶12} Appellant raises several sub-issues within this assignment of error. For ease of understanding, each argument will be addressed separately.

*Workable DVD Not Provided to Defense/DVD Altered*

{¶13} Appellant concedes that the state provided him with a DVD containing a file of the video of his interrogation. However, he claims that the file was password protected and he was not provided with a working password. Appellant claims that he later learned that the video statement was longer in duration than the audio file, which was used at trial. As he was unable to open and view the video file, he argues that he could not determine that the file was corrupted until after the trial ended. Appellant concedes that the DVD itself was technically available to him at the time of trial but argues that his later analysis of the DVD is separate and newly discovered evidence that was not available during trial, and provides grounds for a new trial.

{¶14} The state responds by arguing that Appellant has failed to produce any evidence to suggest that he was unable to timely view the contents of the DVD file. Even so, the state offers an explanation as to why the video statement is longer than the audio file, which was used at trial. The state explains that Det. Flara controlled the audio recorder and when he left the room after the interrogation ended, the recorder was turned off. The state explains that the video recorder, on the other hand, was turned on before the interrogation began and remained on even after the interrogation ended and additionally contains video of Appellant signing paperwork. Thus, even if the time discrepancy were considered newly discovered evidence, there is nothing to suggest tampering took place and the "evidence" not exculpatory.

{¶15} At the Crim.R. 33 motion hearing, Appellant presented an affidavit from SecureState, an independent computer forensic laboratory as evidence on the issue of the alleged tampering. Attached to the affidavit was a report generated from SecureState's investigation of the DVD file. According to the report, there was a 1

hour, 14 minute and 25 second time difference between the length of the audio and video files. According to an affidavit by Appellant's brother, Roy J. Dew, who is described as a "Certified Information Systems Auditor," he was able to view the file after he was able to determine the password and open the file.

{¶16} During the motion hearing, the trial court pointed out that the state had provided Appellant with the DVD before the trial began, thus it was not newly discovered. The court explained that it was the defense's obligation at the time to inform the court if the video could not be viewed. Accordingly, the trial court concluded that any alleged tampering was discoverable before the trial commenced. However, the trial court agreed to accept the affidavit and consider Appellant's arguments before making a final ruling. In its judgment entry, the trial court held that Appellant had not presented any evidence to suggest that the state violated Crim.R. 16 or withheld any evidence related to the DVD.

{¶17} Appellant concedes that the DVD itself is not newly discovered evidence. He argues that the analysis performed by SecureState is newly discovered evidence, as it was not available to him until recently, after he was finally able to open the file. However, as Appellant had access to the DVD file before his trial began, the trial court correctly determined that none of his "evidence" is newly discovered. While Appellant claims that he could not open the file at the time of trial, there is nothing in the record to show why Appellant could not have simply asked for the password or sought and obtained an expert to determine the password (as Appellant's brother was able to do in 2011) and timely view the DVD. Importantly, Appellant had a remedy available to him in the form of a direct appeal. Not only did

he fail to raise this issue on direct appeal, he also failed to raise it in three appeals filed subsequent to his direct appeal.  As such, he is barred by the principle of *res judicata* from raising this argument, now.

{¶18} Appellant argues that *res judicata* does not prevent this Court from reviewing his argument for plain error.  However, as Appellant could have obtained the evidence with reasonable diligence at the time of trial, and the state has a plausible argument for the alleged discrepancy, Appellant cannot show that "but for" some error, the outcome would be different.  Therefore, he has not shown plain error.

*Alleged Tampering with Jury Venire Software*

{¶19} Appellant argues that it is almost statistically impossible for software to randomly select such a high number of persons for a jury venire who are related to members of local law enforcement as it did in his case.  Based on this statistical improbability, Appellant argues that someone within the Mahoning County Jury Commission Office tampered with the software before his jury venire was generated.  To support his argument, Appellant presented affidavits from Laurence Miller, Ph.D. and Jude Summerfeld, P.E.  According to Appellant, the affidavits discussed the statistical improbability of his jury venire and the potential bias that families of law enforcement might hold.  Appellant also argues that several code numbers that are used to randomly generate a jury venire are missing from the printout, which also suggests to Appellant that someone tampered with the software.

{¶20} During the motion hearing, the trial court stated that Appellant had waived this argument.  Pursuant to Crim.R. 24, issues regarding the makeup of a jury venire must be addressed before the commencement of trial.  Despite this procedural

bar, the trial court agreed to accept Appellant's affidavits and review them before entering a final ruling. The trial court ruled in its final judgment entry that Appellant failed to present any actual evidence to support his theory that someone in the jury commission office tampered with the jury venire process.

{¶21} Crim.R. 24(F) states:

The prosecuting attorney or the attorney for the defendant may challenge the array of petit jurors on the ground that it was not selected, drawn or summoned in accordance with law. A challenge to the array shall be made before the examination of the jurors pursuant to division (B) of this rule and shall be tried by the court.

No array of petit jurors shall be set aside, nor shall any verdict in any case be set aside because the jury commissioners have returned such jury or any juror in any informal or irregular manner, if in the opinion of the court the irregularity is unimportant and insufficient to vitiate the return.

{¶22} Despite the procedural bar placed on Appellant's argument by Crim.R. 24(F), the trial court made a final ruling on the merits of his argument. Either way, as was the case with the DVD file, any alleged tampering with the jury venire software could and should have been raised in Appellant's direct appeal. Appellant argues that this evidence was not available to him, as he would need to compare his jury venire report to subsequent jury venire reports in order to determine that his was abnormal.

{¶23} Even if we were persuaded by his argument, Appellant not only failed to raise this issue on direct appeal but also failed to raise it in his three subsequent appeals. He has offered no explanation as to why he could not obtain jury venire printouts from other trials in a more timely manner. This is significant, as six years passed between his conviction and his filing of the Crim.R. 33 motion. It is implausible that it would take such a long period of time to merely obtain other jury venire printouts. Further, while his statistical arguments are interesting, they provide absolutely no evidence of tampering. We find that his tampering claim could have been raised on direct appeal, and is barred by the principle of *res judicata.*

*Allegation of "Case Steering"*

{¶24} Appellant argues that he presented evidence to demonstrate that the state improperly steered his case to a specific judge in order to obtain a perceived advantage. First, he claims that he has recently been able to view portions of his videotaped interrogation, including the portion where Det. Flara identifies the judge assigned to his case. Appellant argues that his case should not have been assigned to a judge at that point as he had not yet been arraigned.

{¶25} Appellant again resorts to statistical analysis. He argues that there are only five common pleas court judges in Mahoning County, giving him a twenty percent chance of being assigned to any one judge. As he believes that these odds are low, he argues that it provides support for his argument that his case was steered to a judge favorable to the prosecution. Also, according to Appellant, the Ohio Supreme Court's Case Flow Management and Operational Review of Mahoning County Courts of Common Pleas revealed that cases within the county were

improperly assigned at bindover instead of at arraignment, as required. Appellant believes that this also evidences case steering.

{¶26} Case steering, also referred to as "judge shopping," occurs when a party attempts to have their case assigned to a particular judge based on a perceived advantage and belief that the desired judge will issue a favorable ruling to that party. As evidence of case steering, Appellant relies on the previously discussed DVD file, statistics, and a report from the Ohio Supreme Court. However, this record demonstrates that all of this evidence was available to Appellant at trial and could have been addressed in a direct appeal.

{¶27} As we have already discussed, it is because of Appellant's own lack of diligence in obtaining an expert to open the DVD file that he was allegedly prevented from viewing the file. Not only was this DVD file of Det. Flara's alleged statement previously available to Appellant, but Det. Flara apparently made the statement directly to Appellant at the interrogation. Clearly, Appellant then knew about Det. Flara's statement before his trial began. He also knew that he had not yet been arraigned. As such, this argument was available to him and he could have raised this issue on direct appeal. As to the statistical analysis, even if this could be used as evidence of case steering, it is also information that was previously available to Appellant using due diligence. Finally, the Supreme Court report to which Appellant refers was generated in 2007. It was certainly available to him years ago.

{¶28} Based on the availability of each piece of evidence offered at his motion hearing, Appellant could have raised this argument on direct appeal. As Appellant failed to do so, he is now barred by *res judicata*.

*Incorporated Arguments*

**{¶29}** Appellant also incorporates by reference arguments which appear on pages nineteen through forty-two of his written motion for a new trial. Appellant has not properly raised these additional arguments on appeal. However, a review of these arguments demonstrates that most have been waived, as they pertain to trial issues that should have been raised on direct appeal. These include allegations of: (1) trial court error in holding the arraignment without Appellant or his counsel present; (2) trial court error allowing the state to refile charges against him after the first set of charges were dismissed; (3) trial court stating that it viewed the DVD, yet Appellant's copy could not be opened; (4) trial court attempts to "coerce" Appellant into taking a plea deal; (5) trial court failure to comply with sentencing statutes (R.C. 2929.11 – 2929.14); (6) trial court determining that the victims suffered psychological harm pursuant to R.C. 2901.01(A)(5)(a); (7) trial court error in ruling on certain objections made at trial; (8) trial court allowing the state to make "false" statements during closing arguments; (9) trial court permitting the state to refer to him as a "con artist, liar, and sex abuser"; (10) trial court allowing the state to admit "surprise evidence"; (11) trial court's sealing of Appellant's files shortly after a photograph of the judge and the jury commissioner appeared in "The Vindicator;" and (12) trial court improperly denying his Crim.R. 29 motion at trial. As all of these alleged errors could and should have been raised on direct appeal, they are barred by *res judicata*

**{¶30}** In addition to these unpreserved errors, Appellant has already raised the following alleged errors in *Dew I, Dew II, Dew III, and Dew IV*: (1) there was no physical force or threat of force used in commission of the crimes and a coach does

not qualify as *in loco parentis*; (2) the trial court improperly denied his request to view the Grand Jury transcripts; (3) the trial court improperly granted the state's motion for joinder; (4) the trial court improperly allowed the state to alter the wiretap; and, (5) the trial court provided incorrect jury instructions. As these issues were already raised and decided on appeal, *res judicata* also bars Appellant from raising these issues a second time.

**{¶31}** Accordingly, Appellant's third assignment of error is without merit and is overruled.

<u>First Assignment of Error</u>

APPELLANT DID NOT RECEIVE A HEARING BEFORE AN UNBIASED, UNPREJUDICED AND DISINTERESTED JUDGE WHO ABUSED HIS DISCRETION IN VIOLATION OF APPELLANT'S CONSTITUTIONAL RIGHT TO DUE PROCESS.

**{¶32}** It is well-established that a criminal defendant who is tried before a biased judge has been denied due process. *State v. LaMar,* 95 Ohio St.3d 181, 2002-Ohio-2128, 767 N.E.2d 166, ¶34, citing *Rose v. Clark*, 478 U.S. 570, 577, 106 S.Ct. 3101, 92 L.Ed.2d 460 (1986); *Tumey v. Ohio*, 273 U.S. 510, 534, 47 S.Ct. 437, 71 L.Ed. 749 (1927).

**{¶33}** However, an appellate court does not have the authority to disqualify a trial court judge or to void his or her judgment based on a claim of judicial bias. *Paparodis v. Snively,* 7th Dist. No. 06 CO 5, 2007-Ohio-6910, ¶48, citing *State v. Ramos,* 88 Ohio App.3d 394, 398, 623 N.E.2d 1336, (9th Dist.1993). Furthermore,

"once the Chief Justice has dismissed an affidavit of disqualification as not well taken, the ruling of the Chief Justice is res judicata as to the question." *Paparodis* at ¶50, citing *State v. Getsy,* 84 Ohio St.3d 180, 185, 702 N.E.2d 866 (1998).

**{¶34}** Here, Appellant claims various instances of judicial bias during both his trial and Crim.R. 33 hearing. The first alleged instance of bias occurred prior to trial when the trial court judge was featured in a photograph with the Mahoning County Jury Commissioner on the front page of the local newspaper. Appellant believes that this photograph was taken to either show the judge's support for the jury commission office or to intimidate Appellant. The second alleged instance occurred during the sentencing hearing when the trial court judge compared him to a doctor who worked at a Nazi concentration camp. Third, Appellant argues that the trial court judge refused to hear expert witness testimony at the Crim.R. 33 hearing.

**{¶35}** Fourth, Appellant complains that the trial court judge contradicted himself by granting him leave to file a motion for a new trial but denying the actual motion itself. Fifth, Appellant contends that the trial court entered its ruling on October 31, 2013 but the court's entry was signed two days before, on October 29, 2013. Finally, Appellant takes issue with a comment made by the trial court judge at the Crim.R. 33 hearing:

Your client in his brief in effect calls me a liar for saying that I reviewed the videotape. He really has trouble believing that I did that and says things that are offensive to me. And it doesn't have anything to do with -- I mean, I got to be able to take it or I wouldn't be sitting here, but

those things are particularly offensive and completely unnecessary and really -- I'm not allowed to use certain words by direction of our Court of Appeals -- but certainly unwise on the part of someone who's asking somebody for relief, I mean as a practical matter. Of course you got to say the things that you need to say to make the point, but I want the record to be very clear that I would never represent to anyone in a trial that I have done something imposed upon me by my sworn duty and misrepresent that. That's so offensive to me. Even he should understand that

(8/26/13 Motion Hrg., pp. 44-45.)

**{¶36}** While the trial court judge's statement, here, may be inartful, all of Appellant's claims regarding judicial bias are barred by *res judicata*. Appellant has filed two motions to disqualify the trial court judge (and one motion for reconsideration) with the Chief Justice of the Ohio Supreme Court. The Chief Justice denied each of these motions and cautioned Appellant that "the filing of any more affidavits with these repeated and unsubstantiated allegations may result in the imposition of appropriate sanctions." (7/18/13 Judgment Entry, p. 2.) As we stated in *Paparodis,* "once the Chief Justice has dismissed an affidavit of disqualification as not well taken, the ruling of the Chief Justice is res judicata as to the question." *Id.* at ¶50. The Chief Justice has ruled on this issue three times. Appellant is barred from presenting this argument yet again.

**{¶37}** Accordingly, Appellant's first assignment of error is without merit and is overruled.

Second Assignment of Error

APPELLANT WAS DENIED THE OPPORTUNITY TO PRESENT WITNESSES AT HIS HEARING IN VIOLATION OF HIS CONSTITUTIONAL RIGHT TO DUE PROCESS.

**{¶38}** Although the trial court judge initially told Appellant that he would be able to present witness testimony at his motion hearing to supplement his affidavits, the judge changed his mind and refused to allow such testimony. Appellant believes that due process requires a judge to allow witness testimony where, as in this case, the evidence involves technical details that a layperson cannot properly articulate. Appellant urges that this is supported by the judge's admission that he presented witness testimony in similar hearings when he was a trial lawyer. Moreover, Appellant believes that a judge is required to allow witness testimony pursuant to *State v. Gaines,* 1st Dist. No. C-090097, 2010-Ohio-895. Appellant urges that it is impossible for a judge to rule on the merits of a motion without first hearing expert testimony where complicated issues have been presented.

**{¶39}** The state responds by refuting Appellant's contention that a judge is required to hear witness testimony during an evidentiary hearing. The state emphasizes that Appellant's motion was made pursuant to Crim.R. 33(A)(6), which requires affidavits but makes no mention of witness testimony. As the language of Crim.R. 33(A)(6) clearly does not require a judge to permit witness testimony, the

state urges that Appellant's argument is incorrect. The state also argues that the evidence presented by Appellant could have been discovered at the time of trial. Thus, the judge did not abuse his discretion in denying Appellant's motion, which was based on a claim of newly discovered evidence.

**{¶40}** Pursuant to Crim.R. 33(A)(6),

When new evidence material to the defense is discovered which the defendant could not with reasonable diligence have discovered and produced at the trial. When a motion for a new trial is made upon the ground of newly discovered evidence, the defendant must produce at the hearing on the motion, in support thereof, the affidavits of the witnesses by whom such evidence is expected to be given, and if time is required by the defendant to procure such affidavits, the court may postpone the hearing of the motion for such length of time as is reasonable under all the circumstances of the case. The prosecuting attorney may produce affidavits or other evidence to impeach the affidavits of such witnesses.

**{¶41}** Appellant specifically argues that the trial court refused to hear witness testimony as to his arguments regarding the DVD file and the alleged tampering with the jury venire software. As both of these arguments are barred by *res judicata,* the trial court did not err when it declined to hear witness testimony based on procedural grounds on these issues. Appellant's second assignment of error is without merit and is overruled.

Conclusion

**{¶42}** Appellant contends that the trial court erroneously denied his Crim.R. 33 motion for a new trial and that the trial court was biased against him. Each of Appellant's arguments within his Crim.R. 33 motion are barred by *res judicata*. The trial court did not err in denying the motion or in refusing to hear expert witnesses on these arguments. Further, the Chief Justice has already ruled that there is no basis for disqualifying the trial court judge in this case. This argument is similarly barred by *res judicata*. Accordingly, Appellant's arguments are entirely without merit and the judgment of the trial court is affirmed in full.

Donofrio, P.J., concurs.

DeGenaro, J., concurs.