[Cite as *State v. Dew*, 2016-Ohio-882.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | ) | CASE NO. 13 MA 0174 |
| | ) | |
| PLAINTIFF-APPELLEE | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| GREGORY DEW | ) | |
| | ) | |
| DEFENDANT-APPELLANT | ) | |

CHARACTER OF PROCEEDINGS:     Appellant's Motion for Reconsideration
                              Pursuant to App.R. 26(A)

JUDGMENT:                     Motion Denied.

APPEARANCES:

For Plaintiff-Appellee:        Atty. Paul J. Gains
                               Mahoning County Prosecutor
                               Atty. Ralph M. Rivera
                               Assistant Prosecuting Attorney
                               21 West Boardman Street, 6th Floor
                               Youngstown, Ohio  44503

For Defendant-Appellant:       Gregory Dew, *Pro se*
                               #543-986
                               Trumbull Correctional Institution
                               P.O. Box 901
                               Leavittsburg, Ohio  44430

JUDGES:

Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Mary DeGenaro

                               Dated:  March 4, 2016

PER CURIAM.

{¶1} Appellant Gregory Dew has filed a motion for reconsideration to this Court. In it, he asks us to reconsider our decision to affirm the trial court's denial of his Crim.R. 33 motion for a new trial. This constitutes Appellant's sixth filing to this Court in the same case. For the following reasons, we deny Appellant's reconsideration request and again affirm the trial court.

{¶2} In 2007, Appellant was convicted on four counts of rape, two counts of gross sexual imposition, and one count of corruption of a minor. He was initially sentenced to an aggregate term of 43 years of incarceration. However, his sentence was reduced after his initial appeal was partially successful in *State v. Dew,* 7th Dist. No. 08 MA 62, 2009-Ohio-6537 ("*Dew I*").

{¶3} Appellant then filed a motion to reopen his appeal based on a claim of ineffective assistance of counsel in *State v. Dew,* 7th Dist. No. 08 MA 62, 2012-Ohio-434 ("*Dew II*"). This motion was denied, and Appellant then filed a Crim.R. 33(A)(6),(B) motion seeking a new trial with the trial court. The trial court dismissed Appellant's motion on the basis that it lacked jurisdiction. Appellant filed an appeal of this decision in *State v. Dew,* 7th Dist. No. 12 MA 18, 2013-Ohio-2549 ("*Dew III*"). In *Dew III,* we reversed the trial court's decision, finding that the court did have jurisdiction to hear Appellant's motion. On remand, the trial court granted Appellant's motion for leave to file a Crim.R. 33 motion for a new trial, but after holding a hearing the trial court denied the motion, finding that Appellant failed to raise newly discovered evidence and because his arguments were barred by *res judicata.* Appellant then filed a motion with this Court requesting a delayed reopening of his

case based on claims surrounding the preservation of a wiretap recording. *State v. Dew,* 7th Dist. No. 08 MA 62, 2014-Ohio-4042 ("*Dew IV*"). This motion was denied.

{¶4} Appellant also appealed the trial court's denial of his motion for a new trial in *State v. Dew,* 7th Dist. No. 13 MA 174, 2016-Ohio-274 ("*Dew V*"). In *Dew V,* we held that all of Appellant's claims had, or should have, been raised on direct appeal and are barred by *res judicata.* Appellant has also filed several motions with the Chief Justice of the Ohio Supreme Court seeking disqualification of the trial court judge based on alleged judicial bias. Each of these motions were denied.

{¶5} *Dew V* is the subject of this current motion for reconsideration. Preliminarily, Appellant argues that his motion for reconsideration should be considered timely filed as he did not receive our Opinion until six days after it was released. Although Appellant seeks an extension based on these grounds, his motion was filed within the ten-day limit pursuant to App.R. 26(A)(1)(a), and is timely.

{¶6} In his motion, Appellant claims to raise thirteen "Issues Not Properly Considered By The Court." Most of these issues are related and will be discussed together for ease of understanding.

{¶7} First, Appellant argues that in our Opinion we failed to address his arguments regarding subject matter jurisdiction. Citing *State v. Findley,* 439 F.2d 970 (1st Cir.1971), Appellant contends that if a defendant is found innocent of a lesser-included offense and intends to use that finding as a defense at trial, then the trial court is stripped of its subject matter jurisdiction regarding the highest-level offense. Appellant argues that, in his case, the trial court's pre-trial dismissal of the lesser-

included offense of sexual battery is equivalent to the trial court's decision that he is innocent of that offense and should be considered an acquittal. As he believes that he was "acquitted" of sexual battery, he claims that the trial court lost subject matter jurisdiction to hear the more serious offense of rape.

{¶8} Appellant's interpretation of *Findley* is incorrect. In *Findley,* the issue on appeal to the First Circuit was whether the government could appeal a trial court's decision to dismiss all or part of an indictment. This decision is clearly inapplicable to the matter before us. The other federal cases on which Appellant relies involve the same issue. The *Findley* issue is not present, here. Rather, the issue before us is whether the pre-trial dismissal of a sexual battery charge strips the trial court of jurisdiction to hear a rape charge. Appellant has presented no law favorable to himself on this issue and none can be found. Accordingly, Appellant's argument is without merit.

{¶9} Next, Appellant contends that the trial court must have determined that he was unavoidably prevented from discovering the evidence he sought to use to buttress his request for a new trial when it granted his motion for leave to file the motion. He contends, then, that it was improper for the trial court to later rule against him on that issue in deciding the merits of his Crim.R. 33 motion. Appellant is confused as to the concept of a motion for leave. A favorable decision on a motion for leave does not constitute a determination of the merits or issues raised within the motion. Since a motion for leave is merely used to seek permission from the court to file a substantive motion, in this case, a motion for a new trial, granting such a motion

merely allows a defendant the opportunity to properly ask the court for a decision on the issues raised: a favorable decision does not speak in any way to a decision on the actual merits.

**{¶10}** On November 28, 2011, Appellant filed a motion seeking leave to file a Crim.R. 33 motion for a new trial. The trial court initially denied Appellant's motion for leave based on the court's belief that it lacked jurisdiction to entertain the motion. On appeal, we reversed the trial court's decision after finding that the trial court did have such jurisdiction. On June 24, 2013, the trial court granted Appellant's motion, allowing him to file a Crim.R. 33 motion. The trial court subsequently held a Crim.R. 33 hearing. On October 31, 2013, the trial court determined that Appellant actually did not rely on newly discovered evidence and that all of the issues raised within Appellant's motion were already raised, or should have been raised, on direct appeal. Hence, the court denied the motion based on *res judicata.*

**{¶11}** Contrary to Appellant's arguments, when the trial court granted his motion for leave, it merely granted him permission to file a motion seeking a new trial. The determination that a defendant clearly and convincingly proved that he was unavoidably prevented from discovering relevant evidence is not made until after the actual motion for a new trial is filed. *State v. Jackson,* 11th Dist. No. 2008-T-0077, 2015-Ohio-6, 26 N.E.3d 304. The trial court's actions, here, were completely appropriate.

**{¶12}** Appellant next contends that this Court improperly based its decision on *res judicata.* Appellant posits that this Court misconstrued his arguments regarding a

DVD of his interrogation. He asserts that he did not contend that the DVD itself is newly discovered; instead, he argued that his belated ability to view the DVD and the corresponding analysis of its contents are the evidence that he has newly discovered. However, it is apparent from our Opinion that we understood the nature of Appellant's claims and they were fully addressed. We determined that Appellant's argument was barred by *res judicata* because he had possession of the DVD prior to trial and any and all claims regarding the information it contained could have, and should have, been raised at trial and on direct appeal.

{¶13} Appellant cites to *Manigault v. Ford Motor Co.,* 96 Ohio St.3d 431, 2002-Ohio-5057, 775 N.E.2d 824 in support of his claims. In *Manigault,* the Ohio Supreme Court held that a new trial is the appropriate remedy when a video with audio is found after trial that already contradicts witness testimony concerning that same video played at trial without the audio. *Id.* at ¶9. *Manigault* is distinguishable for several reasons. In *Manigault,* the video with audio was not found until after trial. Appellant had possession of the DVD in question before trial began. Although he argues that he was unable to view and analyze this DVD until after trial, it is inarguable that this evidence, the DVD, was in Appellant's possession and any evidentiary value it possesses could have been raised at trial.

{¶14} Appellant claims that he had no reason to believe that the DVD may have been tampered with until after the trial had ended. Regardless, he had possession of the DVD prior to and at the time of trial and must have known he was unable to view it at that time. Although Appellant provides several excuses as to why

he did not pursue further assistance before trial, none of these are relevant. The relevant fact regarding Appellant's argument is that Appellant possessed the DVD before trial and could have taken action to view and analyze its contents. He completely failed to do so and did not raise the issue on direct appeal. The DVD and its evidentiary value, if any, does not amount to newly discovered evidence and his claims are clearly barred by *res judicata*.

{¶15} Appellant also claims that this Court misinterpreted his arguments regarding the issue of jury tampering. Appellant argues that he is not simply contesting the jury selection. He is additionally arguing that the jury venire printouts reveal evidence of intentional manipulation. However, this very claim was previously addressed by this Court. We determined that Appellant could have obtained jury venire printouts at the time of trial and could have raised this argument on direct appeal.

{¶16} While Appellant now urges that he was unable to raise this argument in a more timely manner because he needed time to obtain jury venire printouts from subsequent jury pools, find an expert, collect data, evaluate the data, and raise funds to pay for this process, he has not sufficiently demonstrated why this process took six years or why the analysis he wishes to undertake relies on subsequent jury pools, not earlier pools. Information on jury venire would be almost immediately available to Appellant and certainly would not take six years to obtain. Further, Appellant has not presented any evidence to suggest that the statistical evaluation of such data would take six years to complete. Appellant's argument as to insufficient funding is equally

unsupported. Regardless, Appellant's claims in this regard are both tardy and highly speculative, and so do not constitute newly discovered evidence sufficient to withstand *res judicata*.

**{¶17}** Appellant next argues that he had no reason to know that his case had been improperly "steered" to a particular judge. However, and again, as already discussed, Det. Flara allegedly made the statement that alerted Appellant to believe that his case was improperly assigned at his interrogation, long before trial. Thus, as he admits he was aware of this alleged issue before trial, it could and should have been raised at that time.

**{¶18}** Appellant also argues that he was not represented at the interrogation, and had no reason to know that this statement was evidence of case steering. Appellant was certainly represented at trial and during his direct appeal. We note that he is currently unrepresented and was able to raise this issue without the assistance of counsel. Regardless, the record in this matter reflects that Appellant could have raised this argument on direct appeal and he is barred from doing so, now.

**{¶19}** Appellant next argues that this Court improperly ruled that his argument as to the jury instructions are barred by *res judicata.* Appellant claims that he has submitted newly discovered evidence in the form of an affidavit from a juror who stated that he would have found Appellant not guilty if not for the trial court's instructions on the element of force. However, this Court determined in *Dew I* that the trial court's instructions on force were proper. It is irrelevant that a juror would

have voted differently if he had been instructed differently, because the instructions given were completely proper. As his real argument regarding jury instructions has been raised and considered on direct appeal, it is clearly now barred, as it is *res judicata*.

{¶20} Appellant argues that we misconstrued his arguments regarding judicial bias. Appellant states that he is not arguing that the judge should have been disqualified from his hearing. Rather, he claims that his motion was not heard before an unbiased judge due to comments made by the judge at the motion hearing. Again, this argument has been raised and addressed. We have already determined that although the judge's comments were inartful, they do not raise a claim of bias. This issue is also barred by *res judicata.*

{¶21} Appellant complains that the trial court improperly denied his request to present witness testimony at the hearing on his motion for a new trial. However, the trial court correctly determined that Appellant raises no new, relevant evidence and that each of his arguments either were, or could have been, addressed on direct appeal in this case. Thus, witness testimony would have served no purpose. Even so, the state is correct that Crim.R. 33 does not require a judge to allow witness testimony.

{¶22} Finally, Appellant appears to argue that this Court failed to address his arguments regarding actual innocence. However, Appellant presented no assignment of error and failed to otherwise present an actual innocence argument. As this issue was not raised by Appellant, it was not addressed within our Opinion.

To the extent that Appellant now argues such a claim, he is confused, both as to the role of an appellate court and of a trial court following an unfavorable jury verdict. Appellant has no entitlement to a new trial simply on the basis that he continues to maintain his innocence. And it is never the role of a court of review to address claims, directly. We are a reviewing court and it is not the role of this Court to act as a factfinder. *In re M.B.*, 9th Dist. No. 21760, 2004-Ohio-597, ¶9-10. "We do not conduct an initial weighing of the evidence or reach initial legal conclusions." Id. at ¶10. Regardless, Appellant now seeks reconsideration of our earlier decision to affirm the trial court's denial of his motion seeking a new trial.

> The test generally applied upon the filing of a motion for reconsideration in the court of appeals is whether the motion calls to the attention of the court an obvious error in its decision, or raises an issue for consideration that was either not considered at all or was not fully considered by the court when it should have been.

*Columbus v. Hodge,* 37 Ohio St.3d 68, 523 N.E.2d 515 (10th Dist.1987), paragraph one of the syllabus.

{¶23} Appellant raises no error in this Court's decision, obvious or otherwise. Appellant cites to no issue not previously addressed by us. He merely dislikes our conclusions as to those issues. "Reconsideration motions are rarely considered when the movant simply disagrees with the logic used and conclusions reached by an appellate court." *State v. Himes,* 7th Dist. No. 08 MA 146, 2010-Ohio-332, ¶4, citing *Victory White Metal Co. v. N.P. Motel Syst.,* 7th Dist. No. 04 MA 245, 2005-

Ohio-3828; *Hampton v. Ahmed,* 7th Dist. No. 02 BE 66, 2005-Ohio-1766. Here, Appellant merely disagrees with the logic and conclusions reached by this Court. Accordingly, Appellant's motion for reconsideration is denied.

Waite, J., concurs.

Donofrio, P.J., concurs.

DeGenaro, J., concurs.